324 So.2d 739 (1975)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
Rivers SAMPSON.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
Rivers SAMPSON on behalf of the heirs of Anthis Sampson, Deceased.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
Rivers SAMPSON as father and next friend of Linda Faye Sampson, a minor.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
Rivers SAMPSON as father and next friend of Dale Earl Sampson, a minor.
Nos. 48225-48228.
Supreme Court of Mississippi.
August 25, 1975.
*740 Ramsey, Bodron, Thames & Robinson, Vicksburg, for appellant.
Ellis, Ellis & Bost, Vicksburg, W.W. Pierce, Jackson, for appellees.
Before PATTERSON, INZER and SUGG, JJ.
SUGG, Justice.
This is an appeal by State Farm Mutual Insurance Company from judgments rendered against it in garnishment proceedings in the Circuit Court of Warren County as follows:

 CASE AMOUNT OF
 NO. PLAINTIFF JUDGMENT
48,225 Rivers Sampson $18,540.00
48,226 Rivers Sampson
 on behalf of the
 heirs of Anthis
 Sampson, Deceased 10,300.00
48,227 Rivers Sampson
 as father and
 next friend of
 Linda Faye Sampson,
 a minor 5,150.00
48,228 Rivers Sampson
 as father and
 next friend of
 Dale Earl Sampson,
 a minor 5,150.00
 __________
 $39,140.00[1]
The four cases were consolidated on appeal and State Farm contends that the Circuit Court erred by granting judgment to the Sampsons in the aggregate sum of $39,140.00 for the reason that its liability to them was only $22,128.50.
The cases on appeal originated when each of the Sampsons and Leon Britton filed a separate suggestion of garnishment *741 against State Farm. The original and amended answers of State Farm, which were not controverted, alleged that State Farm issued an automobile liability policy to Harvey Landers insuring him against claims for bodily injury arising from the operation of his motor vehicle in the maximum amount of $50,000 for all persons in any one collision with a limit of $25,000 for one person. The policy also covered property damage in the maximum amount of $10,000 for any one collision. Following a motor vehicle collision on March 31, 1972 between the automobile belonging to Landers and the automobile being driven by Rivers Sampson, five suits were filed against Landers in the Circuit Court of Warren County and consolidated for trial. Judgments in the five cases were entered against Landers in favor of the plaintiffs as follows:

Rivers Sampson $ 18,000
Rivers Sampson on behalf of
the heirs of Anthis Sampson,
Deceased $ 10,000
Rivers Sampson as father and
next friend of Linda Faye
Sampson $ 5,000
Rivers Sampson as father and
next friend of Dale Earl
Sampson $ 5,000
Leon Britton $100,000

A remittitur of $50,000 was entered in the Britton case and accepted by him resulting in judgments totaling $88,000.
Before the five consolidated cases were tried State Farm settled with J.C. Oakes and Neal Ward for injuries received in the collision of March 31, 1972. State Farm paid Oakes and Ward $2,555 and $316.50, respectively, for bodily injuries, and obtained releases from each in favor of State Farm and Landers. Before the trial, State Farm also paid Leon Britton $2,000 for bodily injuries, but did not secure a release from Britton. State Farm's liability of $50,000 under the policy was reduced by the $4,871.50 paid Oakes, Ward and Britton, leaving $45,128.50 to apply on the five judgments.
The garnishment proceedings were filed after the holders of the five judgments were unable to agree on distribution of the $45,128.50. After State Farm filed its original answer, it paid Leon Britton an additional $23,000, making a total payment to Britton of $25,000. It amended its answer to reflect the $23,000 payment and alleged that it was liable for only $22,128.50 under the Landers insurance policy to apply toward payment of the Sampson judgments. Each of the Sampsons filed a motion for judgment on the answer as authorized by Mississippi Code Annotated section 11-35-29 (1972), and the Circuit Court entered judgments on the motions. Although the judgments were incorrect as to amount, the trial court followed the correct procedure by entering judgments on the motions of the Sampsons. When an answer in a garnishment proceeding is filed which does not raise an issue of fact, and when the plaintiff in garnishment does not contest the extent of the discovery or the truthfulness of the answer under Mississippi Code Annotated section 11-35-45 (1972), judgment on the answer may be entered. This is beneficial to both the plaintiff and the garnishee because, absent a factual controversy, it enables the parties to end their litigation speedily.
The principal question for determination is the allocation of the proceeds of a liability insurance policy when the limits of the policy are less than the aggregate amount of judgments rendered in causes consolidated for trial. We do not have before us the question of priority of judgments since *742 all of the judgments involved were entered on the same date in cases consolidated for trial.
We find no Mississippi cases on this question, but courts in other jurisdictions have generally held that when several claims arising from one accident are consolidated for trial, and the tort feasor's insurance is insufficient to pay all the claims in full, the proceeds of the insurance should be distributed on a pro rata basis in accordance with the amount of damages suffered by each claimant. 7 Am.Jur.2d Automobile Insurance § 197, page 540 and 70 A.L.R.2d § 3, page 418 and cases cited therein.
In this case Landers' insurance was insufficient to pay the five judgments rendered against him. Since the judgments were based on claims arising from one accident and were entered in cases consolidated for trial, the amount available for his insurance should be distributed among the judgment creditors pro rata. This is equitable because none of the claimants will recover fully at the expense of the others, but each will recover his proportionate part of the insurance proceeds available.
The next question is whether Leon Britton was paid more than his pro rata share by State Farm from the proceeds of Landers' insurance.
State Farm paid Leon Britton $2,000 before he obtained his judgment for $50,000. After deducting this payment, the balance of Britton's judgment was $48,000. State Farm alleged in its answer that the Rivers Sampson judgment for $18,000 included $1,610 property damage leaving $16,390 attributable to the bodily injury coverage under the policy. State Farm admitted $1,610 was due Rivers Sampson in addition to his pro rata share of the funds in its hands attributable to bodily injury.
After making these two adjustments, the judgments in the consolidated cases attributable to bodily injury amount to $84,390 as shown below.

Rivers Sampson $16,390
Rivers Sampson on behalf of
the heirs of Anthis Sampson $10,000
Rivers Sampson father and
next friend of Linda Faye
Sampson $ 5,000
Rivers Sampson father and
next friend of Dale Earl
Sampson $ 5,000
 _______
Total of Sampsons' Judgment $36,390
Leon Britton $48,000
 _______
TOTAL OF ALL JUDGMENTS $84,390

State Farm admitted liability for $45,128.50 attributable to bodily injuries remaining for distribution toward satisfaction of the five judgments against Landers. Each judgment creditor was entitled to 53.476112% of his judgment from the $45,128.50. ($45,128.50 ÷ $84,390.00 = 53.476112%).
Without the policy limitation of $25,000 to any one person in any one collision, Britton would have been entitled to an additional payment of $25,668.54. However, he was only paid $23,000 which, when added to the $2,000 previously paid to him, equals the $25,000 policy limit. Britton was not paid more than his pro rata share from the proceeds of the State Farm policy.
The Sampsons take the position, and the trial court agreed with them, that State Farm was not entitled to credit for the $23,000 paid Leon Britton upon dismissal of Britton's garnishment. They contend that the proceeds of the insurance policy in the hands of State Farm at the time it was served with the writs of garnishment should not be reduced by the voluntary payment to Britton without a proper court order.
A garnishee is charged with the custody and preservation of the garnished debt or property pending the outcome of *743 the litigation unless he surrenders the property to the officer serving the writ. Mississippi Code Annotated section 11-35-23 (1972). He is a stakeholder and must not voluntarily do anything to prejudice the parties and may not, except at his own peril, transfer the property or make a voluntary payment. Brondum v. Rosenblum, 151 Miss. 91, 117 So. 363 (1928). However, a garnishee has a right to surrender garnished property to its true owner or to pay a creditor. If he surrenders to a person not entitled thereto, or pays a garnishor more than the garnishor is entitled to, he is not relieved from liability, but will be required to make up any overpayment. Since the $23,000 paid to Britton was not an overpayment, State Farm is entitled to credit for the payment.
After payment of the $23,000 to Britton, there remained $22,128.50 to apply on the four Sampson judgments as shown by the following computation:

 Total amount due on account
 of bodily injuries $50,000.00
 Less payments:
 Oakes $2,555.00
 Ward 316.50
 Britton 25,000.00 $27,871.50
 _________________________
Balance $22,128.50

The four Sampson judgments, after adjusting the Rivers Sampson judgment for property damage, total $36,390. Since there is only $22,128.50 to apply toward payment of the judgments, each of the Sampsons is entitled to his proportionate share of the insurance proceeds which is 60.80928% of each judgment. ($22,128.50 ÷ $36,390.00 = 60.80928%).
We render judgment for each of the Sampson judgment creditors as follows:

 AMOUNT OF
NAME JUDGMENT PERCENTAGE AMOUNT
Rivers Sampson $16,390 60.80928 $ 9,966.64
Rivers Sampson on
behalf of the heirs
of Anthis Sampson $10,000 60.80928 $ 6,080.93
Rivers Sampson father
and next friend of
Linda Faye Sampson $ 5,000 60.80928 $ 3,030.47
Rivers Sampson father
and next friend of
Dale Earl Sampson $ 5,000 60.80928 $ 3,030.46
 __________
 $22,128.50

In addition, judgment is rendered in favor of Rivers Sampson against State Farm in the amount of $1,610 for property damages.
Appellees filed a motion to strike a portion of the record entitled "Addendum." The Court having considered the contents of the addendum is of the opinion that it is not properly a part of the record of the four cases on appeal; therefore, the motion is sustained and all costs attributable to the addendum are taxed against the appellant.
Affirmed in part, reversed in part and judgment rendered here.
GILLESPIE, C.J., RODGERS, P.J., and SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.
NOTES
[1] The judgments included interest of $540, $300, $150 and $150, respectively, on the plaintiffs' judgments rendered October 30, 1973 against Harvey Landers in their separate suits against him.