**Alfredo CHRISTLIEB, Plaintiff,**

v.

**The Honorable Drew W. LUTEN, Jr., Judge of Division No. 10 of the Circuit Court of the County of St. Louis, Missouri, Defendant.**

No. 45403.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 16, 1982.

Motion for Rehearing and/or Transfer Denied April 16, 1982.

Application to Transfer Denied June 14, 1982.

Mark I. Bronson, St. Louis, for plaintiff.

Ray A. Gerritzen, St. Louis, for Reys.

Allen H. Surinsky, Clayton, for Paules.

CRIST, Judge.

Plaintiff in this prohibition action has one of three claims totalling over one-half million dollars against the $20,000.00 proceeds of an automobile liability insurance policy owned by the insolvent judgment debtor. Plaintiff seeks to reapportion those proceeds, so as to receive one-third thereof instead of his pro rata share. We deny the petition in prohibition and quash the preliminary order in prohibition we issued on February 25, 1982.

Plaintiff initiated one of three actions against Edward Eaton, all the result of an automobile accident in which plaintiff sustained personal injuries and two other boys were killed. The trial court consolidated for trial plaintiff's personal injury action and the two other actions against Eaton for wrongful death brought by the deceased boys' parents, the Reys and the Paules. Judgment was entered on the jury's verdict for plaintiff for $42,542.00 actual damages and $51,333.00 punitive damages. The Reys and the Paules were awarded actual damages of $258,338.00 and $254,833.00, respectively. There was no appeal.

Eaton had automobile liability insurance coverage with limits of $10,000.00 per person and $20,000.00 per accident. Shortly after the judgments became final, Eaton filed for bankruptcy and his insurance carrier deposited with the court the policy limit of $20,000.00 to partially satisfy the judgments. The defendant judge in this prohibition action then ordered the pro rata apportionment plaintiff challenges: Omitting from his calculations the punitive damages awarded plaintiff, the judge allocated $9,300.00 to the Reys, $9,180.00 to the Paules, and $1,520.00 to plaintiff, each receiving approximately that percentage of the $20,000.00 that reflects the ratio of his separate actual damage award to the total actual damages awarded.

The trial judge was correct in making a pro rata allocation of the $20,000.00. Though no Missouri authority on the specific point has been cited, the general rule is indicated in Annot., 70 A.L.R.2d. 416, 417 (1960):

**140** ■

Where several claims arising from an insured event have been joined in one suit against an insurer whose maximum liability under its policy is inadequate to pay in full the amounts deserved by the claimants, courts have held that the proceeds were to be distributed on a prorata basis in accordance with the amount of damage suffered by each claimant.

In accord is 15 G. Couch, Insurance 2d, § 56:32, at 702 (2d ed. 1966). Though the rule applies in a "suit against an insurer," it also applies when, as here, the trial court can otherwise properly apportion inadequate insurance proceeds and the formality of a separate action against the insurer is dispensed with.

The trial judge also correctly omitted from the pro rata calculation the punitive damages awarded to plaintiff. The rule just quoted prescribes a pro rata distribution of insurance proceeds in accordance with "the amount of damage suffered by each claimant," i.e., the amount of actual damages, which are compensatory and measured by the loss or injury sustained. *State ex rel. St. Joseph Belt Ry. Co. v. Shain*, 341 Mo. 733, 108 S.W.2d 351, 356 (1937). Punitive damages do not gauge a plaintiff's loss or injury, but are awarded to punish a defendant for his wrongful acts and to deter similar acts by others. See: *id.; Crull v. Gleb*, 382 S.W.2d 17, 23 (Mo. App.1964).

Our preliminary order in prohibition is quashed.

REINHARD, P. J., and STEWART, J., concur.