[No. B001287. Second Dist., Div. Four. May 16, 1984.]

JOSEPH MICHAEL CURCIO, Plaintiff and Respondent, v.
DAVID ERLING SVANEVIK et al., Defendants and Appellants.

Counsel

Hillel Chodos and Gina Putkoski for Defendants and Appellants.

John Joseph Mulrooney for Plaintiff and Respondent.

---

Opinion

**RUDOF, J.**[*]—This is an appeal by Anderson & Miles, a corporation doing business as Day Realty Co. (herein appellant), from a jury verdict which awarded the amount of $76,374.58 to Joseph Michael Curcio (herein respondent). The judgment was entered on March 22, 1983. Appellant filed a timely appeal.

### Facts

Respondent initiated this personal injury action as a result of a vehicular accident which occurred on July 26, 1979, in the San Fernando Valley. Respondent was operating his motorcycle when it was involved in a collision with an automobile driven by David E. Svanevik (hereafter Svanevik). Svanevik's liability for the accident and respondent's resulting injuries were determined by the unanimous vote of the jury and is not at issue on appeal.[1]

Appellant's liability was based on the theory of respondeat superior. It was stipulated[2] at the commencement of trial that Svanevik, who worked as a part-time real estate salesman for appellant at the time of the collision, "was a[n] . . . *employee,* and he was an agent . . ." (Italics added) of Day Realty. The sole issue at trial in reference to appellant's liability was whether Svanevik was acting within the course and scope of his employment at the time of the collision.

Svanevik did not attend the trial. Instead, portions of Svanevik's deposition testimony were read to the jury. The jury was not informed that on January 27, 1983, a default judgment had been entered against Svanevik for failure to appear at the mandatory settlement conference.

---

[*]Assigned by the Chairperson of the Judicial Council.

[1]Appellant states in its brief: "This Court can and should assume, for purposes of this appeal, that the accident of July 26, 1979, was Svanevik's fault and not Curcio's fault. The jury so determined by a unanimous vote, and indeed it is difficult to imagine from a practical standpoint how they could have come to any other conclusion in view of Svanevik's default and his failure to attend the trial."

[2]At oral argument, counsel for appellant conceded that a stipulation was entered into.

The main controversy at trial was the issue of course and scope of employment. According to the deposition testimony of Svanevik, he had been driving downtown to pick up two friends from Colorado at the bus station when the collision occurred. Svanevik stated at deposition that the purpose of his destination was not associated in any manner with his position as a salesman for Day Realty.

Respondent testified that immediately after the collision Svanevik admitted fault and that Svanevik said, "I was looking at houses following some leads. . . . [¶] I don't know the area. . . . [¶] I'm sorry. My company will take care of everything. . . . [¶] I work for Day Realty."

On March 4, 1983, the jury found by special verdict that Svanevik was negligent and that his negligence caused respondent's damages, that Svanevik was acting in the course and scope of employment for appellant at the time of the collision, and that respondent was not negligent. The jury awarded, and the court directed judgment to respondent in the amount of $76,374.38.

On March 24, 1983, appellant brought a motion for a new trial based, in part, on alleged instances of misconduct by respondent's counsel.[3] On May 18, 1983, the trial judge denied the motion and stated, in relevant part, that: "The court has carefully reviewed the arguments to ascertain what effect, if any, argument of plaintiff's counsel had on the jury's verdict. Unfortunately, a cold record does not always show the degree of intensity which confronts a trial judge and leads to a case getting out of hand, as this one threatened to do. A Judge's conduct has to be balanced between maintaining that control and still avoid the appearance of taking sides. Nevertheless plaintiff's counsel was corrected and admonished during argument. The court's position was explained to counsel out of the presence of the jury, and the court stands on that position.

"The jury was repeatedly advised from voir dire and throughout the trial that argument of counsel is not evidence and that the evidence comes from the witness stand. They were expressly advised during the argument that if they wished any portion of the record to be read to them this would be done. It is this court's final view that it was the consideration of the evidence in the case that produced the jury's verdict and not any argument of counsel."

ISSUES

On this appeal, the following issues are raised by appellant: (1) whether the evidence fails to justify the imposition of liability on appellant because,

---

[3]At that time, appellant did not contend that Svanevik was an independent contractor, as opposed to an employee.

as a matter of law, Svanevik was in an independent contractor relationship with appellant, and (2) whether certain instances of conduct of respondent's counsel constituted misconduct which denied appellant a fair trial.[4]

Respondent requests that he be awarded attorney's fees based on the allegation that this appeal is "somewhat frivolous and sham." (*Sic.*)

DISCUSSION

I

Appellant alleges that the evidence at trial established as a matter of law that Svanevik was an independent contractor for whose negligence appellant cannot be held liable. It is urged that the stipulation entered into by appellant's counsel that Svanevik "was a[n] . . . employee, and he was an agent . . ." does not have any bearing on the substantive liability of appellant.

Appellant may not on the record before us argue this theory. ■ The general rule is that a party to an action may not for the first time on appeal change the theory upon which the case was tried. (*Adelson* v. *Hertz Rent-A-Car* (1982) 133 Cal.App.3d 221, 225 [183 Cal.Rptr. 779]; *Ernst* v. *Searle* (1933) 218 Cal. 233, 240-241 [22 P.2d 715]; *Marsango* v. *Automobile Club of So. Cal.* (1969) 1 Cal.App.3d 688, 694 [82 Cal.Rptr. 92].) The exception to this rule exists where a question of law only is presented on the facts appearing in the record. " 'But if the new theory contemplates a factual situation the consequences of which are open to controversy and *were not put in issue or presented at the trial* the opposing party should not be required to defend against it on appeal. [Citations.]' " (Italics added.) (*Adelson* v. *Hertz Rent-A-Car, supra,* 133 Cal.App.3d at p. 225, citing *Panopulos* v. *Maderis* (1956) 47 Cal.2d 337, 341 [303 P.2d 738].)

Appellant's stipulation prior to trial* was directed solely to establish that Svanevik was an agent and an employee, as opposed to an independent contractor, of appellant. The effect of the stipulation was to preclude the issue from being presented at trial. On the basis of the stipulation, respondent withdrew its request to have BAJI No. 13.20[5] read to the jury. Instead,

---

[4]Appellant implies in the "Statement of the Case" portion of its opening brief that the evidence was insufficient to sustain the jury's finding, and that the trial court ruled incorrectly regarding the insurance evidence that was presented to the jury. As these contentions are not supported by argument or citation of authority, they are deemed without foundation and must be treated as abandoned. (*Rossiter* v. *Benoit* (1979) 88 Cal.App.3d 706 [152 Cal.Rptr. 65].)

*The stipulation was made by appellants' trial counsel; the lawyers appearing for appellants on this appeal were not counsel at trial.

[5]BAJI No. 13.20 distinguishes between an agent/employee and an independent contractor.

BAJI No. 13.06, which states in relevant part that: "It is agreed by the parties that David Svanevik was an employee of the defendant Day Realty," was given to the jury. The trial judge repeatedly asserted during trial that Svanevik's legal relationship with appellant was not in issue, and that the sole issue was course and scope of employment. The record is clear that both parties and the trial judge understood that the effect of the stipulation was meant to, and did, firmly establish that Svanevik was not an independent contractor.

As stated by the court in *Marsango* v. *Automobile Club of So. Cal.*, *supra*, 1 Cal.App.3d 688, 695, "[l]itigation is an adversary process contemplating an element of risk to all parties. To permit a change of theory on appeal is to allow one party to deal himself a hole card to be disclosed only if he loses. Even if that device does no more than give him a second chance, it has unbalanced the inherent risk of the litigation and put the other party at a disadvantage." By stipulation of counsel, appellant took the independent contractor theory out of issue. In essence, appellant waived that defense. To permit the change of theory on appeal would be highly prejudicial and unfair, and accordingly cannot be permitted.

## II

Appellant asserts that it was denied a fair trial due to misconduct of respondent's counsel in the presence of the jury. Specifically, appellant cites several different passages from the record from which it is alleged that: (1) the jury was unduly prejudiced by counsel's question as to respondent's Purple Heart, and by reference to the comparative wealth of the parties in closing argument; (2) counsel improperly insinuated that appellant had procured Svanevik's absence from the trial and that this represented suppression of evidence; and, (3) counsel improperly implied that appellant's answers to the complaint constituted bad faith of appellant. It is urged that despite the failure to object by appellant in most of the cited instances, the ultimate and cumulative effect of the tactics was to deflect the attention of the jury from the merits and inflame their passions and prejudices to such a high degree that this court cannot refuse to recognize the misconduct. Appellant points to the amount awarded to respondent as evidence of improper influence on the jury.

During the cross-examination of respondent, the following occurred:

"Q: [Appellant's counsel]: When you were sitting there having this conversation, weren't you in a tremendous amount of pain?

"R: [Respondent]: Yes, sir, I was.

"Q: You were still having this conversation about what when or and what he was doing and the questions you were asking him?"

A few minutes later, on redirect examination of respondent, the following occurred:

"Q: [Respondent's counsel]: Mr. Curcio, were you out of your mind with pain when you were talking to this Mr. Svanevik?

"R: [Respondent]: No sir, I was not.

"Q: Were you in so much pain, sir, that you couldn't understand plain English and words that he said?

"R: No, I wasn't.

"Q: Are you any stranger to pain, sir?

"R: No sir. I have been in pain before.

"Q: When?

"R: I was in pain. I was in Vietnam. I was wounded twice. I was in pain then.

"Q: Did you receive a Purple Heart?

"APPELLANT's COUNSEL: Objection. What is the relevancy?

"THE COURT: All right. The last question, if you are objecting, is sustained."

■ It is clear that until counsel asked respondent about a Purple Heart, the line of questioning was a valid response to appellant's cross-examination which was directed to an attempt to establish that respondent had been in too much pain after the collision to remember the substance of his conversation with Svanevik. Assuming that respondent's question about the Purple Heart was misconduct, we note that it was neither emphasized nor repeated and was terminated by appellant's objection. Any possible prejudice was surely removed by the trial court's proper admonition to the jury that: "you must not consider as evidence any statement of counsel made during the trial. . . ." [¶] As to any question to which an objection was sustained, you must not speculate as to what the answer might have been or as to the reason for the objection. [¶] You must never speculate to be true any insinuation

suggested by a question asked a witness. A question is not evidence. . . ." (See *Ecco-Phoenix Electric Corp.* v. *Howard J. White, Inc.* (1969) 1 Cal.3d 266 [81 Cal.Rptr. 849, 461 P.2d 33].)

■ Appellant also construes several passages of the record as establishing that respondent's counsel improperly stressed the relative financial status of the parties. It is clear, however, that the financial situation of appellant was not a "theme" throughout the trial as appellant so alleges. Counsel's remarks as to respondent's financial circumstances, and as to the damages amount were made during closing argument. Appellant did not object to the references during trial.[6] It is a well-established principle that a claim of misconduct is entitled to no consideration on appeal unless the record shows a timely and proper objection and a request that the jury be admonished. Appellant must be deemed to have waived the claim of error. (*Horn* v. *Atchison T. & S. F. Ry. Co.* (1961) 61 Cal.2d 602, 610 [39 Cal.Rptr. 721, 394 P.2d 561], cert. den., 380 U.S. 909 [13 L.Ed.2d 796, 85 S.Ct. 892]; *Warner Constr. Corp.* v. *City of Los Angeles* (1970) 2 Cal.3d 285, 303 [85 Cal.Rptr. 444, 466 P.2d 996].)

Appellant further contends that counsel improperly insinuated that appellant had procured Svanevik's absence from the trial and that appellant was therefore responsible for the suppression of evidence.

Appellant cites counsel's comment: "It is awful nice to be able to talk to you and not feel guilty about it [sic]" as insinuating that unlike Day Realty, "Respondent had nothing to hide." This interpretation of the record is totally misplaced, however. It is clear that counsel made this remark in reference to the court's continual admonishments that the jurors were not to talk among themselves or with parties or counsel until the trial was ended.

■ The fact that Svanevik was absent at trial was noted by respondent's counsel on three or four occasions during argument. We hold that at only one time as cited by appellant, did counsel approach misconduct, and at that time he was admonished by the court (at the court's initiative).[7] The colloquy was as follows:

"RESPONDENT'S COUNSEL: He [Svanevik] comes to the deposition. It seems to me that he is awfully, awfully convenient to Day Realty. They want him. They talk to him. They want him in the office. He comes in.

---

[6]Counsel for respondent elicited from Richard Franklin, the president of Day Realty, that Day Realty earns a minimum of $48,000 a year from its approximately 75 part-time employees. Appellant's objection to the use of the $48,000 amount on the basis that it assumed facts which were not in evidence was correctly overruled.

[7]Counsel for appellant did not object to any of the passages that he now contends were prejudicial.

"It seems to me that he is awfully convenient. Perhaps he goes because they are in bed together, figuratively speaking.

"THE COURT: Counsel, in fairness, you know that if he is subpoenaed to a deposition and he is located, he is bound to attend.

"Let's move along and let's finish your argument.

"RESPONDENT'S COUNSEL: Your Honor, he wasn't subpoenaed.

"THE COURT: Sir—

"RESPONDENT'S COUNSEL: Sorry, Your Honor.

"THE COURT: Do you want to challenge me in front of the jury?

"RESPONDENT'S COUNSEL: No, Your Honor. I do not.

"THE COURT: What difference does it make whether he was subpoenaed in or simply was required to come in?

"Must he not respond to a request for a deposition if he is a party? Isn't that the law?"

Clearly, the court's remarks, which were made in the presence of the jury, were directed to warning counsel and educating the jury that the implication of counsel's line of argument was misleading. The court removed any prejudicial effect likely to be caused thereby. Furthermore, the remark was not a part of a repeated theme that could be viewed as so manifestly prejudicial as to require reversal. (Cf. *Gackstetter* v. *Market Street Ry. Co.* (1933) 130 Cal.App. 316 [20 P.2d 93].)

■ The final misconduct argument raised by appellant is that respondent's counsel improperly implied that appellant's general answers to the original and amended complaints constituted bad faith. Appellant asserts that the thrust of argument was that Day Realty's denial of liability should be disregarded by the jury because it was only part of a general denial of all of Curcio's claims.

Counsel for respondent argued as follows: "Now let's take a look at that. Comes now the defendants, Mr. Svanevik and Day Realty both, and they deny each and every allegation in the complaint. That has been going on for three years. I went over with Mr. Franklin what was in that complaint.

They denied there was even an accident for three years. They denied there was an injury. They denied they were a corporation.

"I have covered the answers denying the fact. The matter is—and I'm coming to cover this in another way—the fact of the matter is they have denied everything. Not just course and scope, they have denied anything ever happened."

Appellant attempted to assert an objection subsequent to the latter passage as misleading but was quieted by the trial judge.

Respondent argued the above passages in rebuttal to appellant's defense argument. In argument, counsel for appellant noted that the court took judicial notice of the original complaint and the answer of Mr. Svanevik. We note that appellant elected to refer to the pleadings and have them read to the jury during trial as an indication of Svanevik's denial of liability. Appellant is thus foreclosed from arguing that the unverified pleadings should not have been introduced into evidence and referred to as evidence in argument. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 266-268, pp. 4257-4259; see also, Evid. Code, § 356.)

Appellant directs our attention to the decision in *Kenworthy* v. *State of California* (1965) 236 Cal.App.2d 378 [46 Cal.Rptr. 396], in support of its argument that respondent's counsel engaged in a "deliberate attempt to administer poison, no single dose of which was lethal, but with an accumulated effect inevitable and realized." In *Kenworthy*, the court held that an excessive verdict, based upon evidence given by unqualified witnesses when expertise was required, indicated that counsel's misconduct had influenced the jury. There damages were sewn out of whole cloth by plaintiff's counsel during argument drawn from speculative and otherwise nonrelevant evidence.

■ Appellant urges that the verdict of $76,374.38 in this case is grossly excessive and stands as evidence of misconduct. We disagree. At the time of the collision, respondent was a 34-year-old roofing foreman. At impact, both he and his motorcycle flipped over once, and on contact with the pavement he was thrown from the bike. Respondent underwent surgery twice to repair the damage to his shoulder,[8] experienced a great deal of pain, was absent from work for approximately 14 months, and ultimately was unable to maintain the "standard" necessary to do roofing work. Moreover, the injury impacted respondent's mobility and his ability to participate in sports,

---

[8]Respondent's witness, Houshang Yazdi, M.D., testified that respondent sustained a complete separation of the acromio-clavicular joint of his left shoulder.

and has left respondent with irreversible traumatic arthritis. The hospital bill for both operations was approximately $6,000, the medical bill was in excess of $2,000, and the motorcycle repairs cost $600. Based on the foregoing data, plus respondent's approximately $17,000 loss of earnings, we conclude that the damage verdict was not excessive.

Assuming arguendo that there was misconduct, we do not believe that a different verdict, or one more favorable to appellant, would have resulted absent the claimed misconduct. (See Code Civ. Proc., § 475, cf. *Garden Grove School Dist.* v. *Hendler* (1965) 63 Cal.2d 144, 144 [45 Cal.Rptr. 313, 403 P.2d 721].)[9]

## DISPOSITION

The judgment is affirmed. Respondent's request for attorney fees is denied.

Kingsley, Acting P. J., and McClosky, J., concurred.

---

[9]We deem it unnecessary to analyze every claim of misconduct raised by appellant. Wide latitude is given to counsel in closing argument. (See *People* v. *Travis* (1954) 129 Cal.App.2d 29, 37-38 [276 P.2d 193].)