[No. 51232-9. En Banc. February 6, 1986.]

ALLSTATE INSURANCE COMPANY, *Plaintiff*, v. JULIAN OSTENSON, ET AL, *Respondents*, BARRY RAE BUCKMASTER, *Appellant*.

*Monte E. Hester* and *Richard J. Milham,* for appellant.

*Donald E. Kelley,* for respondents.

GOODLOE, J.—In this case we review a trial court's order which distributed an interpleaded underinsured motorist policy fund without regard to the policy's "per person" limitation. We find the policy's "per person" limitation applies and reverse the trial court.

On August 1, 1982, Jason and Jayme Ostenson, respondents, and Barry Buckmaster, appellant, were passengers in a car owned by Bruce Williams, which was involved in a 2–car accident. AIU Insurance Company insured the Williams car. The policy provided underinsured motorist coverage of $25,000 "per person" and $50,000 "per accident".

The Ostensons and Buckmaster are entitled to and made claims to the underinsured motorist fund. AIU Insurance Company filed an interpleader action, deposited $50,000 into the registry of the Clerk of Pierce County Superior Court, and was dismissed from the suit. The court has established two funds: a liability fund and an underinsured motorist fund. This appeal involves only the underinsured motorist fund.

The Ostensons, through their guardian ad litem, moved the court for an order declaring that the policy limitations would not apply when dividing the fund, and that the $50,000 would be available for distribution upon "such terms as may hereafter be determined." Clerk's Papers, at 8. The trial court granted the motion and ordered that the fund be distributed without regard to the policy's "per person" limitation.

Barry Buckmaster sought and was granted direct review by this court.

The parties have stipulated to the damages involved and to alternative distributions of the fund. The stipulated damages of the parties are as follows: Jayme Ostenson, $2 million; Barry Buckmaster, $150,000; and Jason Ostenson, $30,000. The parties stipulated to alternative distributions of the fund depending on our determination of whether the policy limitation applies. If the trial court's decision is upheld and the policy limitation is not applied, the stipulation provides for distribution as follows: Jayme Ostenson, $46,000; Barry Buckmaster, $3,500; and Jason Ostenson, $500. If the trial court decision is reversed and the policy limitation is applied, the stipulation provides for distribution as follows: Jayme Ostenson, $25,000; Barry Buckmaster, $20,000; and Jason Ostenson, $5,000.

We must determine whether the trial court erred in determining that the interpleaded underinsured motorist policy fund could be distributed among the claimants without regard to the policy's "per person" limitation.

The issue implicates the second stage of the interpleader remedy which "involves the determination of the respective rights of the claimants to the stake, which in this case are the policy proceeds." *Federal Old Line Ins. Co. v. McClintick,* 18 Wn. App. 510, 513, 569 P.2d 1206 (1977), citing 7 C. Wright & A. Miller, *Federal Practice* § 1714 (1972).

The general rule provides that where several claims arising from one incident are asserted in one suit or interpleader against an insurer whose maximum liability under its policy is insufficient to pay the claims in full, the proceeds are to be distributed on a pro rata basis in accordance with the amount of damage suffered by each claimant. *See, e.g., Sheehan v. Liberty Mut. Fire Ins. Co.,* 288 Ala. 137, 258 So. 2d 719 (1972); *State Farm Mut. Auto. Ins. Co. v. Sampson,* 324 So. 2d 739, 742 (Miss. 1975); *Christlieb v. Luten,* 633 S.W.2d 139, 140 (Mo. Ct. App. 1982). *See also* 15A G. Couch, *Insurance* § 56:35 (2d ed. 1983); Annot., *Basis and Manner of Distribution Among Multiple Claimants of Proceeds of Liability Insurance Policy Inadequate To Pay All Claims in Full,* 70 A.L.R.2d 416, 417 (1960).

However, this general rule does not answer the question before us, which is whether the distribution will be made on a pro rata basis where a claimant's pro rata share exceeds the policy's "per person" limitation amount. In *Sheehan,* the policy did not have a "per person" limitation. In *Christlieb* and *Sampson,* the pro rata distribution did not result in any one claimant receiving more than the "per person" limited amount. The *Sampson* court in dicta noted, however, that but for the applicable "per person" limitation, one of the five claimants was entitled to much more of an award under a pro rata distribution. *Sampson,* at 742.

■ One case was found which directly dealt with a claimant seeking to receive more than the insurance policy's "per person" limitation allowed. *Standard Acc. Ins. Co. v. Winget,* 197 F.2d 97 (9th Cir. 1952). In *Winget,* the insurance policy provided $10,000 coverage per person with a maximum $20,000 coverage per accident. One person sought to obtain an award of approximately $13,600, accomplished by adding the judgments together and establishing a percentage by which to divide the $20,000 amount. The Ninth Circuit Court of Appeals found the answer to this argument "very simple. The policy *does not* create a fund of $20,000.00 to be distributed pro–ratedly to various persons according to the amount recovered. On the contrary, the policy, read in its entirety, shows distinctly that the limit is *$10,000.00* for 'each person'." *Winget,* at 103. The court also noted that had only one person been injured, that person could not have recovered more than $10,000. *Winget,* at 105.

The underinsured policy language presented in this case is also very clear. It states:

The limit of liability shown in the Declarations for "each person" for Uninsured Motorist Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one accident. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Unin-

sured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident. This is the most we will pay regardless of the number of:

1. Covered persons;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

Clerk's Papers, at 56. To ignore this language would result in judicial remodeling of the contract. *See Mannheimer Bros. v. Kansas Cas. & Sur. Co.,* 149 Minn. 482, 487, 184 N.W. 189 (1921).

The respondents offered no authority and we found none to support the proposition that an interpleader action makes the policy terms inapplicable. We hold the policy's "per person" limitation applies and reverse and remand for distribution in accordance with the parties' stipulation.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, and DURHAM, JJ., concur.