[No. G012027. Fourth Dist., Div. Three. Nov. 24, 1992.]

NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff and
Respondent, v.
MICHAEL F. DEVLIN, Defendant and Appellant.

**COUNSEL**

White & Hoodack, Lawrence Hoodack and Paul H. Ottosi for Defendant and Appellant.

Ramsay, Johnson & Klunder, Carl J. Klunder and Phillip E. Smith for Plaintiff and Respondent.

**OPINION**

**WALLIN, J.**—Michael F. Devlin appeals a declaratory judgment in favor of Nationwide Mutual Insurance Company which construed the liability limit provision of an automobile liability insurance policy issued by Nationwide. On appeal we are asked to address the following question: Whether an individual is limited to $100,000 in recovery for an automobile accident involving two persons under an automobile liability insurance policy which contains a $300,000 limit on liability for damages to two or more persons in any one occurrence, subject to a $100,000 limit on liability to one person. We conclude the per person limit applies.

Michele Horgan was in an automobile accident with Michael and Roxanne Devlin, both of whom were injured. Horgan was insured by Nationwide. Her policy declarations specified limits for bodily injury of $100,000 per person

and $300,000 per occurrence. After the Devlins filed suit against Horgan, Nationwide undertook her defense. A dispute arose with respect to the limits of Nationwide's liability for bodily injury. The Devlins, Horgan and Nationwide entered into a settlement agreement under which Nationwide paid $100,000 to Michael Devlin and $100,000 to Roxanne Devlin. Nationwide agreed to file this declaratory relief action against Michael Devlin to determine whether the per person liability limit of $100,000, or the $300,000 per occurrence liability limit applied. If the court concluded it was the latter, Nationwide would pay Michael Devlin another $100,000 to bring its total payments to $300,000.

The Nationwide policy applicable to the accident consisted of a two-page statement of declarations, a fifteen-page main policy form, a three-page amendatory endorsement 1910A, and another seven pages of endorsements. The declarations, designating the $100,000 per person, $300,000 per occurrence limits, specifically referred to endorsement 1910A, which was included with the main policy and was in effect during the entire policy period.

The main policy form contained the following provision regarding Nationwide's limits for automobile liability: "**LIMITS OF PAYMENT. AMOUNTS PAYABLE FOR LIABILITY LOSSES** Our obligation to pay . . . **bodily injury** liability losses is limited to the amounts per person and per occurrence in the attached Declarations. The following conditions apply to these limits: . . . [¶] 2. For **bodily injury** liability, limits shown for any one person are for all legal damages claimed by anyone for **bodily injury** or loss of services of one person as a result of one occurrence. The total limit of **our** liability shown for each such occurrence is for all damages sustained by two or more persons."

Endorsement 1910A went by the title, "**Mexico notice and amendatory endorsement (California)**" followed by a statement in smaller print in bold type, "**Please attach this important addition to your auto policy.**" Page two of the endorsement contained the following modification of the automobile liability provisions: "**LIMITS OF PAYMENT.** Item[] 2 . . . [is] replaced to read: [¶] 2. **Bodily injury** limits shown for any one person are for all legal damages, including care or loss of services, claimed by anyone for **bodily injury** to one person as a result of one occurrence. Subject to this limit for any one person, the total limit of **our** liability shown for each occurrence is for all damages, including care or loss of services, due to **bodily injury** to two or more persons in any one occurrence."

The trial court concluded endorsement 1910A controlled and was unambiguous. Under the endorsement, the per occurrence limit was subject to the

per person limit and, therefore, Nationwide's liability was limited to $100,000 for each person injured. Devlin was not entitled to recover more than $100,000.[1]

## I

Devlin contends the court erred in interpreting the Nationwide policy as limiting his recovery to $100,000. He urges that when two or more persons are involved in an accident the per occurrence limit applies and any individual victim may recover up to $300,000 so long as the total for all victims does not exceed $300,000.

The proper construction of an insurance policy is a question of law. (*Safeco Ins. Co. v. Gibson* (1989) 211 Cal.App.3d 176, 184 [259 Cal.Rptr. 206].) As with interpreting any contract, the provisions of an insurance policy must be construed in accordance with the plain meaning of the words. (*Travelers Ins. Co. v. Lesher* (1986) 187 Cal.App.3d 169, 185 [231 Cal.Rptr. 791].) Looking to the plain meaning of the policy, and applying common sense, we conclude that when an insurance policy states that a $300,000 per occurrence liability limit is subject to a $100,000 per person liability limit, no single person may recover more than $100,000.

Surprisingly, we have found no reported decision from a California appellate court dealing with this issue. However, the Ninth Circuit Court of Appeals, applying California law regarding insurance contract interpretation, addressed the issue in *Standard Acc. Ins. Co. of Detroit, Mich. v. Winget* (9th Cir. 1952) 197 F.2d 97 [34 A.L.R.2d 250]. In *Winget* an insurance policy provided $10,000 coverage per person and $20,000 per occurrence. The policy stated, " '[T]he limit of such liability stated in the declarations as applicable to 'each accident' is [,] subject to the above provision respecting each person, the total limit of the company's liability for all damages . . . sustained by two or more persons in any one accident.' " (*Id.* at p. 104, fn. 2.) The insured was in an automobile accident in which his two passengers, including the plaintiff, were injured. The plaintiff and second passenger filed suit and obtained judgments against the insured for $32,000 and $15,000 respectively. The plaintiff then brought suit against the insurer to recover under the policy, contending she was entitled to a pro rata share of the $20,000 per occurrence limit, or $13,617, because two persons were involved in the accident, making the per occurrence limit applicable. The trial

---

[1]Devlin's notice of appeal was prematurely filed after the trial court announced its intended decision but before rendition of the final judgment. We may exercise our discretion and treat the notice as filed immediately after the entry of judgment and do so here. (Cal. Rules of Court, rule 2(c).)

court held the plaintiff could only recover $10,000, the per person limit. (*Id.* at p. 99.) The Ninth Circuit affirmed, holding under the clear language of the policy the per accident limit of the policy was subject to the per person limit. No person could recover more than $10,000 under the policy. (*Id.* at p. 104.)

The court concluded its interpretation comported with logic and good sense for two reasons. First, had the plaintiff been the only person injured in the accident, she clearly could not have recovered more than $10,000. It was absurd to interpret the policy as allowing greater recovery if more people were injured. Secondly, Winget's interpretation of the policy would make it impossible for an insurance company to ever settle with one claimant in a multiple injury accident unless it settled with all of the claimants at the same time. (197 F.2d at pp. 104-105.)

More recently, the Washington Supreme Court in *Allstate Ins. Co.* v. *Ostenson* (1986) 105 Wn.2d 244 [713 P.2d 733], followed the rationale of *Winget.* The policy in *Ostenson* provided underinsured motorist coverage of $25,000 per person and $50,000 per accident. (*Id.* at p. 734.) The policy contained language similar to the *Winget* policy that, "Subject to this limit for 'each person', the limit of liability . . . for 'each accident' . . . is our maximum limit of liability for all damages for bodily injury resulting from any one accident." (*Id.* at p. 735.) The Washington Supreme Court concluded that in a multiple injury accident the per person limit controlled what any individual plaintiff could recover from the insurer. To ignore the "subject to" language of the policy "would result in judicial remodeling of the contract." (*Id.* at p. 735.)

The policy at hand is strikingly similar to the policies considered in *Winget* and *Ostenson.* It provides, "Subject to this limit for any one person, the total limit of our liability shown for each occurrence is for all damages, including care or loss of services, due to bodily injury to two or more persons in any one occurrence."

Devlin relies on three cases which he contends support his position that when there are multiple injuries in an accident, only the per occurrence limit applies. (*Farm Bureau Mut. Ins. Co., Inc.* v. *Winters* (1991) 248 Kan. 295 [806 P.2d 993]; *Andrews* v. *Nationwide Mut. Ins. Co.* (1983) 124 N.H. 148 [467 A.2d 254]; *Haney* v. *State Farm Ins. Co.* (1988) 52 Wn.App. 395 [760 P.2d 950].) However, the cases are distinguishable because in each the policies lacked any language making the per occurrence limit subject to the per person limit. The policies were ambiguous and under normal rules of insurance contract interpretation were construed in favor of the insured.

*American Standard Ins. Co. of Wis.* v. *Forsythe* (8th Cir. 1990) 915 F.2d 1212, relied upon by Devlin, is also distinguishable. In *Forsythe* a couple

who were killed in an automobile accident were survived by their child. The child's loss of consortium claim was found to be separate and distinct from the estate's wrongful death claim. The court held that where there were distinct and separate claims the per occurrence limit applied. (*Id.* at p. 1217.)

We follow the reasoning of *Winget* and *Ostenson*. The language contained in the amendatory endorsement clearly subjects the per occurrence limit to the per person limit. The trial court correctly concluded that the maximum amount Devlin could recover under the policy was $100,000.

## II

Devlin argues that even if the language of the amendatory endorsement 1910A is susceptible to the interpretation we have given it, the endorsement provision should not apply to amend the main policy because the endorsement did not conspicuously notify the insured of the reduction in coverage. We reject his argument.

Devlin and Nationwide stipulated to the facts in this case which included that the policy contained the amendatory endorsement. At no time during the proceedings below did Devlin contend there was insufficient notice of the endorsement. He cannot raise the issue for the first time on appeal. (*Curcio* v. *Svanevik* (1984) 155 Cal.App.3d 955, 960 [202 Cal.Rptr. 499].) The uncontroverted evidence was that the endorsement was specifically referenced in the declarations to the policy and that it was issued as part of the main policy.

Devlin relies on *Allstate Ins. Co.* v. *Fibus* (9th Cir. 1988) 855 F.2d 660 in support of his contention that the endorsement did not modify the main policy because it was not conspicuous enough. In *Fibus* the insurer issued a policy which provided coverage for the insured's accident. Subsequently, the insurer issued an amendment to the policy which reduced that coverage. The insured contended the insurer had not properly notified him of the reduction in coverage. The insurer obtained a summary judgment which the appellate court reversed because the amendment on its face did not provide sufficient notice and there were conflicting facts as to whether the insurer had by other means properly notified the insured. The issue was one of fact. (*Id.* at p. 663.) Here, the declarations specifically referenced the endorsement which was issued as part of the original policy. There are no facts in the record to suggest the insured, Horgan, did not receive notice of the endorsement. The trial court specifically found the endorsement applied and its finding is supported by the evidence.

The judgment is affirmed.

Sills, P. J., and Sonenshine, J., concurred.