**Karen WARD and Larry Ward, Plaintiffs/Respondents,**

v.

**AMERICAN FAMILY INSURANCE COMPANY, et al., Defendants/Appellants.**

No. 54641.

Missouri Court of Appeals, Eastern District, Division Four.

July 25, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 22, 1989.

Case Transferred to Supreme Court Nov. 14, 1989.

Case Retransferred to Court of Appeals Feb. 5, 1990.

Original Opinion Reinstated Feb. 15, 1990.

---

7. §§ 142.010(6), 142.362(5), 150.013.1(2), 300.-010(15), 301.010(26), 302.010(9), 303.020(5), 365.020(5), 390.020(19) and 407.560(6).

Edward Thomas Liese, St. Louis, for defendants/appellants.

Godfrey P. Padberg, James P. Leonard, St. Louis, for plaintiffs/respondents.

SATZ, Judge.

A jury awarded plaintiff, Larry Ward, damages for loss of consortium under uninsured motorist provisions of two policies. Defendant American Family Insurance Company appeals. We reverse.

The underlying facts are not in dispute; a brief summary will suffice.

Plaintiff and his wife, Karen Ward, were insured under two automobile insurance policies issued by defendant. Each policy provided uninsured motorist coverage of up to $50,000 for each person and up to $100,-000 for each accident. Since the policies were in effect and subject to "stacking," the Wards were protected by coverage of $100,000 per person and $200,000 per accident.

The injuries sued upon arose out of an automobile accident involving a car driven by plaintiff in which Karen was a passenger. Both plaintiff and Karen sustained personal injuries. Alleging the accident was caused in part by a hit-and-run driver, the Wards, under the terms of the policies, sued defendant American Family and other individuals who were involved in the accident.

The jury assessed fault as follows: 55% to the uninsured motorist, 25% to defendant Kenneth Rausher, and 20% to plaintiff. The jury determined that Karen suffered $1,500,000 and plaintiff $350 in damages for personal injuries. These determinations are not in dispute here. Karen settled with defendant for $100,000, the maximum coverage for bodily injury to "each person" under the uninsured motorist provisions in the two policies.

The jury, however, awarded plaintiff $80,000 in damages for loss of consortium because of the injuries to Karen. Plaintiff contends he is entitled to be paid this $80,-000 award under the uninsured motorist provisions. Defendant contends he is not. Thus, the issue turns on the interpretation of the policy provisions defining the limits of defendant's liability.

The Wards' policies provide:

We will pay damages for *bodily injury* which an *insured person* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle....* (emphasis in original)

1. The limit for "each person" is the maximum for *bodily injury* sustained by any person in any one accident.
2. Subject to the limit for "each person", the limit for "each accident" is the maximum for *bodily injury* sustained by two or more persons in any one accident.

*We* will pay no more than these maximums no matter how many *insured persons,* claims, claimants, or vehicles are involved in the accident. (emphasis in original)

Karen has recovered the maximum amount for "each person" under the two

policies. Thus, if the "each person" limit applies to all damages arising from Karen's physical injuries, then plaintiff cannot recover for loss of consortium. If the higher limit for "each accident" applies, however, plaintiff may recover damages for loss of consortium in addition to Karen's recovery.[1]

We have examined defendant's standard "Missouri Family Car Policy" in the legal file, which, apparently, is a copy of the policies defendant issued to the Wards. It is a preprinted form of the sort that is not the product of negotiation between the contracting parties. Arguably, it is a contract of adhesion, the terms of which are imposed on the weaker party, who has no choice but to conform. *See, e.g., Robin v. Blue Cross Hospital Service, Inc.,* 637 S.W.2d 695, 697 (Mo. banc 1982).

There are various judicial approaches to construing such contracts. Under Section 2–302 of the Uniform Commercial Code, courts may not enforce contracts or terms it finds to be "unconscionable." Similarly, a court may carefully scrutinize adhesion contracts to ensure fairness. If the policy language is ambiguous, courts may interpret the language to fulfill the "reasonable expectations" of the insured. Some courts have gone one step further, attempting to satisfy the insured's reasonable expectations regardless of the policy language. *See generally* Slawson, *The New Meaning of Contract,* 46 U.Pitt.L.Rev. 21 (1984).

Our colleagues in the Western District have acknowledged, approved and, perhaps, adopted this last approach. They have shown a willingness to go beyond the written language in an effort to identify the insured's reasonable expectations even where the policy language is unambiguous. *Estrin Construction Company, Inc. v. Aetna Casualty and Surety Co.,* 612 S.W.2d 413 (Mo.App.1981); *Spychalski v. MFA Life Insurance Co.,* 620 S.W.2d 388 (Mo.App.1981); *see also, Hartland Computer Leasing Corp., Inc. v. The Insurance Man, Inc.,* 770 S.W.2d 525 (Mo.App.

1989). In this case, however, neither party has characterized the policies in question as adhesion contracts; nor have they requested us to apply the "reasonable expectations" doctrine. Thus, no showing has been made that interpretation of the provisions in question under the "reasonable expectations doctrine" would cause a result different than the result obtained by using traditional contract interpretation principles. More important, we find no ambiguity in these provisions and, thus, give the language used its plain meaning.

Plaintiff's claim for loss of consortium must be included within the "each person" limit. Under Missouri Law, a husband's claim for loss of consortium is derivative of his wife's claim for bodily injury. *See Rieke v. Brodof,* 501 S.W.2d 66, 67 n. 2 (Mo.App.1973); *Stephen v. Lindell Hospital,* 681 S.W.2d 503, 508 (Mo.App.1984). Moreover, the policy language defines "bodily injury" as "bodily injury to or sickness, disease or death of any person." So defined, we understand the clause to require some *physical* harm to the person claiming a bodily injury. Plaintiff properly recovered $350.00 for his own bodily injuries. Regarding Karen's injuries, she alone suffered physical harm. While admittedly covered by the insuring clause, plaintiff's derivative damages do not constitute a separate and distinct "bodily injury."

It logically follows that all losses arising from one person's physical injuries must be included within the "each person" limitation. The provision states: "The limit for 'each person' is the maximum for bodily injury sustained by any person in any one accident." Giving the language its plain meaning, the per person limit is the most that can be recovered "for bodily injury sustained by [Karen]." The larger limit for "each accident" applies where bodily injuries are "sustained by two or more persons in any accident." The larger limit applies in this case, because both plaintiff and Karen were injured. However, the

---

1. Defendant also questions whether the trial court actually determined which of the limitations applied. By entering judgment for plain-
tiff on his claim for loss of consortium, the trial court implicitly determined the "each accident" limit applied.

"each accident" recovery is expressly made "[s]ubject to the limit for each person'".

Moreover, the court should construe the language with reference to associated words, rather than in isolation. *Nixon v. Life Investors Ins. Co.*, 675 S.W.2d 676, 679 (Mo.App.1984). The limitation provisions are followed by the emphatic declaration, *"We* [American Family] will pay no more than these maximums no matter how many *insured persons,* claims, claimants or vehicles are involved in the accident." The fact that more than one person incurred damages because of one person's bodily injury does not entitle the insureds to more than the maximum amount for "each person." See *Integrity Insurance Co. v. Naleway,* 719 S.W.2d 24, 25 (Mo. App.1986). To the extent it derives from Karen's injuries, plaintiff's recovery, together with Karen's recovery, must be included within the limit for "each person". Our conclusion is supported by courts in other jurisdictions that have construed virtually identical limitation clauses. *See, e.g., Richie v. American Family Mutual Insurance Co.,* 140 Wis.2d 51, 409 N.W.2d 146, 148 (1987). *But see Abellon v. Hartford Ins. Co.,* 167 Cal.App.3d 21, 212 Cal. Rptr. 852 (1985).

Our courts have been confronted with similar provisions. In *Cano v. Travelers Ins. Co.,* 656 S.W.2d 266, 271 (Mo. banc 1983), the Supreme Court concluded a per person limitation clause was ambiguous and allowed recovery of more than that amount for damages arising from one person's bodily injury. In *Cano,* the wife sought to recover for loss of consortium in addition to her husband's recovery for bodily injury under an uninsured motorist provision. The policy language limited the insurer's liability to $10,000 "for all damages because of bodily injury sustained by one person as a result of any one accident ..." *Id.* at 268.

The Court determined the clause could be interpreted in two ways. If the word "sustained" referred to "damages," then wife's claim for loss of consortium would be treated separately and the per accident limit would apply. If, on the other hand, "sustained" modified "bodily injury", then wife's consortium claim together with husband's recovery must fall within the per person limit. *Id.* at 271. The court resolved this "ambiguity" against the insurer and held that wife was entitled to recover even though husband's recovery had exhausted the per person limit. *Id. Cano* is distinguishable, however. The provisions in the present case do not contain the term "damages" and so "sustained by" cannot be read to modify "damages".

In *Spaete v. Automobile Club Inter-Insurance Exchange,* 736 S.W.2d 480, 482 (Mo.App.1987), the limit provision in a liability policy provided the per person limit "is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident." Finding the same ambiguity that was present in *Cano,* this Court construed the provisions against the insurer and held that the larger per occurrence liability limit applied. *Id.* Again, the American Family provisions do not contain the problem of nouns and modifiers that gave rise to the ambiguity in the *Cano* and *Spaete* policies.

Plaintiff disagrees, contending the "sustained by" language in the present policies creates the same ambiguity as existed in *Cano* and *Spaete.* The phrase "sustained by any person" must modify one of the nouns in the limitation clauses, plaintiff argues, and the only sensible alternatives are "maximum" and "injury." Since, plaintiff reasons, "maximum" can only mean "maximum damages," the participle "sustained by" could refer to either "damages" or "injury". Having inserted the word "damages" into the limitation clauses, plaintiff contends the clauses contain the same "ambiguity" as the policies in *Cano* and *Spaete.*

Because there is an ambiguity, plaintiff's argument continues, the court should invoke the rule that any ambiguity in an insurance policy should be construed against the insurer, which as drafter of the language, had the opportunity to clearly phrase exclusions and limits on its liability. *Spaete, supra.* at 483. Having failed to draft an unambiguous policy, plaintiff con-

cludes, defendant should be required to compensate plaintiff fully for his damages within the "each accident" limitation.

Plaintiff's argument is not persuasive. Rather than asking us to hold that the language actually used is ambiguous, plaintiff in effect urges us to create an ambiguity by adding words to the policies. Obviously, this we cannot do. We are not authorized to rewrite insurance contracts and must interpret the language as it is written. *Protective Casualty Ins. Co. v. Cook*, 734 S.W.2d 898, 905 (Mo.App.1987). While the limitation clauses drafted by defendant could have been more clearly drafted, they are not so unclear as to permit the construction urged by plaintiff. Because plaintiff's consortium claim is derivative under Missouri law and is not a separate bodily injury under the policy definition, it cannot escape inclusion within the limit "for *bodily injury* sustained by any person." Since that limit has been exhausted, the defendant is not liable for further damages arising from Karen's injuries.

We are mindful that our construction of the policies in question has a harsh impact on plaintiff. A reversal will in effect merge plaintiff's claim with his wife's and render his loss non-compensable under the policies. A contrary ruling, however, would produce unacceptable results in cases with similar liability limitations but different factual settings.

A hypothetical illustrates the problem with the construction urged by plaintiff, which would place derivative claims on an equal footing with claims for actual physical injuries. Consider an identical policy, with recovery limited to $50,000 per person and $100,000 per accident. In an accident two women, an insured and a passenger, sustain physical injuries, each with damages of about $50,000. Apparently, the policy provides coverage for their damages. However, suppose that the husband of one of those injured recovers on a claim for loss of consortium. If his claim is not included within his wife's per person limit, then his consortium recovery would reduce the recovery of the other woman. The other woman would not receive her full compensation for bodily injuries because of a derivative claim by an uninjured and unrelated person.

Because the liability limit for injuries sustained by Karen has been exhausted, the award of damages to plaintiff and against defendant for loss of consortium must be reversed. This cause is reversed and remanded, with directions to the trial court to enter judgment consistent with this opinion.

SMITH, P.J., and STEPHAN, J., concur.