[No. 14063-2-II.   Division Two.   April 22, 1992.]

AL P. BAEHMER, *Appellant,* v. VIKING INSURANCE
COMPANY OF WISCONSIN, *Respondent.*

*Douglas K. Smith* and *Albertson Smith & Associates*, for appellant.

*William W. Spencer, Ronald L. Unger,* and *Murray Dunham & Murray,* for respondent.

ALEXANDER, J. — In this declaratory judgment action Al P. Baehmer appeals an order of the Pierce County Superior Court granting summary judgment to the Viking Insurance Company. He contends that the trial court erred in holding that a provision in an automobile liability insurance policy issued by Viking, limiting that company's liability to $25,000 for "each person" and $50,000 for "each occurrence", was not ambiguous, and concluding, therefore, that the lower "each person" limit applied to Baehmer's claim. We affirm.

On August 26, 1988, Baehmer was driving his car northbound on "C" Street in Tacoma in the vicinity of 133rd Street. At the same time, Roberta M. Lee was stopped in her car on "C" Street in the southbound left-turn lane at the intersection of 133rd Street. Meanwhile, Onilda Santos-Reyes was driving her car westbound on 133rd Street. The Baehmer and Santos-Reyes vehicles collided causing Baehmer's vehicle to strike Lee's vehicle. As a result, Baehmer suffered personal injuries and sustained damages exceeding $37,500. Lee also suffered personal injuries. She claimed damages of $12,500.

The Santos-Reyes vehicle was insured by the Viking Insurance Company. Baehmer and Lee made claims against Viking for their damages. Viking apparently concedes that it had liability to the limits of the policy.

The declaration page of the Viking policy provided that the limits of liability are "$25,000 each person" and "$50,000 each accident*". Following the asterisk was this additional language: "Limit of Liability each accident or

occurrence as indicated by Insuring Agreement." The insuring agreement stated:

> The limits of liability shown on the declarations page are the maximum amounts we'll pay in *damages* for any one *car accident*.
> The limit for "each person" is the limit for all claims by all persons for *damages* from bodily injury to one person. The limit for "each occurrence" is the total limit for all claims for *damages* from bodily injury to two or more people in any one *car accident*. . . .

Viking paid Lee $12,500 in full satisfaction of her claim. It also agreed to pay Baehmer $25,000 in full settlement of his claim against Santos-Reyes. Baehmer agreed to accept $25,000, but reserved the right to bring a declaratory judgment action against Viking to determine the limits of its liability under the terms of the Viking policy.

Baehmer then commenced an action in Pierce County Superior Court in which he sought a judgment declaring that the $50,000 "each occurrence" limit applied in this instance, rather than the $25,000 "each person" limit. Baehmer and Viking stipulated to the facts, consistent with what is stated above, and both moved for summary judgment. The Superior Court granted Viking's motion. Baehmer appeals, arguing that the liability limitation provision on the Viking policy is ambiguous and should be construed so that when two injured persons share the higher limit of liability, either may recover more than $25,000.

■ An appellate court reviewing an order of the superior court granting summary judgment engages in the same inquiry as the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 656 P.2d 1030 (1982). Summary judgment is appropriate if there are no material factual issues and the moving party is entitled to judgment as a matter of law. CR 56(c). Here, there are no material factual issues, the parties having stipulated to the facts. The case was, therefore, ripe for summary judgment.

■ Baehmer maintains that the policy issued by Viking is ambiguous. Whether an insurance policy contains an ambiguity is properly a question of law to be resolved by the

court. *R.A. Hanson Co. v. Aetna Ins. Co.*, 26 Wn. App. 290, 295, 612 P.2d 456 (1980). "In construing the language of an insurance policy, the entire contract must be construed together so as to give force and effect to each clause." *Transcontinental Ins. Co. v. Washington Pub. Utils. Dists.' Util. Sys.*, 111 Wn.2d 452, 456, 760 P.2d 337 (1988); *see also Neer v. Fireman's Fund Am. Life Ins. Co.*, 103 Wn.2d 316, 320, 692 P.2d 830 (1985). "A clause in a policy is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable." *Greer v. Northwestern Nat'l Ins. Co.*, 109 Wn.2d 191, 198, 743 P.2d 1244 (1987) (quoting *Vadheim v. Continental Ins. Co.*, 107 Wn.2d 836, 841, 734 P.2d 17 (1987)); *see also Emter v. Columbia Health Servs.*, 63 Wn. App. 378, 819 P.2d 390 (1991). However, "[i]f the language in an insurance contract is clear and unambiguous, the court must enforce it as written and may not modify the contract or create ambiguity where none exists." *Transcontinental*, 111 Wn.2d at 456.

In support of his argument that the policy is ambiguous, Baehmer relies on the fact that the $50,000 "each occurrence" limit was not expressly made "subject to" the $25,000 "each person" limit of liability. Because the higher occurrence limit is not "subject to" the lower per person limit, he reasons, the limitation provisions are susceptible to two interpretations and are thus ambiguous. The ambiguity, he argues, should be resolved by adopting the interpretation that is more favorable to the insured. Here, that would mean adopting the interpretation that the $50,000 limit applies whenever two or more people are injured in one accident such that one person may recover more than the $25,000 per person limit. Viking, on the other hand, argues that the policy language clearly discloses that the $25,000 per person limit applies to claims based on injuries to any one person.

Baehmer cites Division One's holding in *Haney v. State Farm Ins. Co.*, 52 Wn. App. 395, 760 P.2d 950 (1988), as support for his position. In *Haney*, the court dealt with

an insurance policy that had provisions similar to the provisions in the Viking policy. The policy in *Haney* provided that "the limits of liability for each person are $100,000 and for each accident $300,000." *Haney*, 52 Wn. App. at 397. The *Haney* court found that the policy limit provision was ambiguous and was to be construed against the insurer. *Haney*, 52 Wn. App. at 399. In so ruling, the *Haney* court noted that the higher per occurrence limit was not made subject to the lower per person limit. That court's reference to the absence of "subject to" language appears, however, to have been incidental rather than fundamental to its reasoning, because the crux of the ambiguity was the irreconcilable nature of the liability limiting provisions. The court's reference to the absence of "subject to" language implies that such language would have resolved the "inherent contradiction" that could not be otherwise reconciled. *Haney*, 52 Wn. App. at 397. The *Haney* court said:

> The liability limits provision contains an inherent contradiction: the per person limit is $100,000, but the per accident limit is $300,000 for damages to "two or more persons". There is no language making the per accident limit subject to the per person limit. The existing language in the two clauses cannot be reconciled. The per accident limit directly implies that *two* people injured in one accident may recover up to $300,000 while the per person limit says each person is limited to $100,000.

*Haney*, 52 Wn. App. at 397.

Significantly, the policy limits provision of the Viking policy do not contain the "inherent contradiction" found in *Haney*. We reach this conclusion because the $25,000 per person limit can be arithmetically reconciled with the $50,000 per occurrence limit for damages to two or more persons and, thus, each clause can be given force and effect.[1]

The court in *Haney* took note of another case where similar liability limiting provisions were held to be ambiguous.

---

[1]Unlike in *Haney*, where the $100,000 per person limit, multiplied by 2, did not equal the $300,000 limitation on damages for two (or more) persons in a single accident, here $25,000 times 2 equals $50,000.

*Haney,* 52 Wn. App. at 398 (citing *Andrews v. Nationwide Mut. Ins. Co.,* 124 N.H. 148, 467 A.2d 254 (1983)). *Andrews,* like *Haney,* involved liability limits of $100,000 for injuries to "one person" and $300,000 for injuries to "two or more persons". *Andrews,* at 152. Language in *Andrews* reinforces our belief that there is no ambiguity when the policy limits provision can be arithmetically reconciled. The court in *Andrews* said:

> If we were to adopt the defendant's position that the per person limit applies notwithstanding the number of persons injured in one occurrence, we would have to conclude that $200,000 and not the $300,000 as stated on the declarations page is the defendant's limit of liability when two persons are injured. This clearly is contrary to the express provisions of this policy.

*Andrews,* at 153.

We hold that the trial court did not err in concluding that the liability limiting provisions in the Viking policy were not ambiguous. Absent an ambiguity, the insurance contract should be enforced as written and the $25,000 per person limit should apply to Baehmer's claim for damages.

Because we conclude that the insurance policy is not ambiguous, we need not reach Baehmer's second argument, that the ambiguity in the insurance contract should be construed against the insurer.

Affirmed.

PETRICH, C.J., and MORGAN, J., concur.