[No. 35074-9-I.   Division One.   August 21, 1995.]

KARL LIVINGSTON, ET AL., *Respondents*, v. FARMERS INSURANCE COMPANY OF WASHINGTON, *Appellant*.

*Sidney R. Snyder, Jr., Ronald S. Dinning*, and *Merrick Hofstedt & Lindsey*, for appellant.

*Charles S. Stixrud*, for respondents.

BAKER, C.J. — Farmers Insurance Company of Washington (Farmers) appeals from summary judgment in favor of its insureds, Karl Livingston and the insured beneficiaries of the estate of Glenna Livingston (Livingstons). Farmers contends its insurance policy, which limits underinsured motorist (UIM) coverage for bodily injury to $100,000 for "each person" and, "subject to the limit for each person'," to $300,000 for "each accident," unambiguously limits the coverage for bodily injury to two persons in the same accident to a total of $200,000. We agree, and reverse.

The Livingstons were involved in an accident with an underinsured motorist. Glenna was killed and Karl was seriously injured. The Livingstons made UIM claims against two identical Farmers policies covering their personal automobiles.

The Farmers policies contain the following provision in the UIM section:

### Limits of Liability

The limits of liability shown in the Declarations apply subject to the following:

1. The limit for "each person" is the maximum for **bodily injury** sustained by any person in any one **accident**. Any claim for loss of consortium or injury to the relationship arising from this injury shall be included in this limit.

2. Subject to the limit for "each person," the limit for "each accident" is the maximum combined amount for **bodily injury** sustained by two or more persons in any one **accident**.

3. Subject to the law of the **state** of the **accident**, we will

pay no more than these maximums regardless of the number of vehicles insured, **insured persons**, claims, claimants, policies, or vehicles involved in the **accident**.

(Underline added.) The declarations page of the policies set the UIM limits at $100,000 for each person and $300,000 for each occurrence. The Livingstons' uncompensated bodily injury damages exceeded $300,000.

Both parties moved for summary judgment. The superior court concluded:

> [T]he underinsured "Limits of Liability" provision contained in the Farmers automobile insurance policies issued to Karl Livingston is ambiguous and cannot be enforced to limit [Livingstons'] maximum recovery to two (2) "each person" limits of liability, and that [Livingstons] are not unambiguously precluded from collecting the "each accident" maximum combined amount for bodily injury sustained by two persons in any one accident.

This appeal followed.

Livingstons contend the liability limits in the Farmers policies are ambiguous and must be construed to provide the higher "each accident" coverage limit of $300,000. Farmers contends the policy language which makes the per accident limit "subject to" the per person limit resolves any ambiguity.

> Policy language is to be interpreted in accordance with the way it would be understood by the average man. *Dairyland Ins. Co. v. Ward*, 83 Wn.2d 353, 358, 517 P.2d 966 (1974). A clause in a policy is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable. *Morgan v. Prudential Ins. Co. of Am.*, 86 Wn.2d 432, 435, 545 P.2d 1193 (1976). Furthermore, if any clause is ambiguous the court must apply a construction that is most favorable to the insured, even though the insurer may have intended another meaning. *Morgan*, 435.

*Vadheim v. Continental Ins. Co.*, 107 Wn.2d 836, 840-41, 734 P.2d 17 (1987).

An analysis of this troublesome issue begins with this

court's opinion in *Haney v. State Farm Ins. Co.*, 52 Wn. App. 395, 760 P.2d 950 (1988), *review denied*, 111 Wn.2d 1033 (1989). In *Haney,* the insured and his wife were injured in an accident with an underinsured motorist. The insurance policy at issue, like the policy here, contained UIM limits of $100,000 per person and $300,000 per accident.[1] The policy also provided:

> Limits of Liability
>
> 1. The amount of coverage is shown on the declarations page under "Limits of Liability—U—Each Person, Each Accident." Under "Each Person" is the amount of coverage for all damages due to bodily injury to one person. Under "Each Accident" is the total amount of coverage for all damages due to bodily injury to two or more persons in the same accident.

*Haney*, 52 Wn. App. at 397. The insureds argued that they were entitled to recover their damages up to the $300,000 "per accident" limit.[2] This court agreed:

> The liability limits provision contains an inherent contradiction: the per person limit is $100,000, but the per accident limit is $300,000 for damages to "two or more persons". There is no language making the per accident limit subject to the per person limit. The existing language in the two clauses cannot be reconciled. The per accident limit directly implies that *two* people injured in one accident may recover up to $300,000 while the per person limit says each person is limited to $100,000.

(Emphasis added.) *Haney*, 52 Wn. App. at 397.

The facts of the present case are essentially the same as *Haney* except for the "subject to" language in the Farmers policy. This additional language resolves the apparent contradiction and unambiguously limits Livingstons'

---

[1]*Haney*, 52 Wn. App. at 396.

[2]*Haney*, 52 Wn. App. at 396.

recovery to the combined "each person" limits or $200,000.[3]

Livingstons, relying on *Baehmer v. Viking Ins. Co.*, 65 Wn. App. 301, 827 P.2d 1113 (1992), contend it is not the absence of language making the "each accident" limit "subject to the limit for each person', " but the "inherent contradiction" in the liability limits which renders these provisions ambiguous. In *Baehmer* two claimants were injured in an accident with an insured driver. The insured sustained more than $37,500 in damages. The other claimant settled for $12,500. The policy provided limits of liability of $25,000 for each person and $50,000 for each accident (or "occurrence").[4] The insured argued that the limits were ambiguous because the limit for each occurrence was not expressly subject to the limit for each person. This court disagreed, noting that the policy limits in the Viking policy did not contain the "inherent contradiction" found in Haney.[5]

The *Baehmer* court, in dicta, questioned the significance *Haney* attached to the missing "subject to" language:

[T]he *Haney* court noted that the higher per occurrence limit was not made subject to the lower per person limit. That court's reference to the absence of "subject to" language appears, however, to have been incidental rather than fundamental to its reasoning, because the crux of the ambiguity was the irreconcilable nature of the liability limiting provisions.

*Baehmer*, 65 Wn. App. at 305.

Livingstons and the court in *Baehmer* misapprehend the significance of the missing "subject to" language in *Haney*. The insurer in *Haney* suggested that

under Washington case law, where multiple insureds are

---

[3]This result is in harmony with a California court's analysis of the same issue. *See Nationwide Mut. Ins. Co. v. Devlin*, 11 Cal. App. 4th 81, 13 Cal. Rptr. 2d 795 (1992).

[4]*Baehmer*, 65 Wn. App. at 302-03.

[5]*Baehmer*, 65 Wn. App. at 304-05.

injured by an uninsured motorist, courts have cited principles of contract construction and sound public policy reasons to limit individual insureds to recovery of per person, not per accident, limits. *Allstate Ins. Co. v. Ostenson*, 105 Wn.2d 244, 247-48, 713 P.2d 733 (1986), citing with approval *Standard Acc. Ins. Co. v. Winget*, 197 F.2d 97, 104 (9th Cir. 1952) (per person limits facilitate insurance company determination of liability and settlement with multiple injured insureds).

*Haney*, 52 Wn. App. at 398. The *Haney* court distinguished these authorities.[6]

> The reasoning in these cases, however hinges upon enforcing plain, unambiguous policy clauses that expressly make the per accident policy limits *subject* to the per person limits. *Winget*, at 104 n.2; *Ostenson*, at 247-48.
>
> In the instant case, however, the policy does not make the per accident limits subject to the per person limits. The policy limits provision is thus patently ambiguous, and must be construed in the insured's favor.

(Underline added.) *Haney*, 52 Wn. App. at 398-99.

In the absence of an "inherent conflict" in the policy limits, the missing "subject to" language is unnecessary. If the "inherent contradiction" alone rendered the policy ambiguous, *Haney* would not have relied on the absence of the "subject to" language and would not have distinguished *Winget* and *Ostenson* on that basis. To hold that the "subject to" language does not eliminate the ambiguity would be to rule that insurance policies may not contain provisions which are in any way conflicting, even if the policy clearly specifies which of two conflicting provisions takes precedence over the other. Provisions in in-

---

[6]*Allstate Ins. Co. v. Ostenson*, 105 Wn.2d 244, 713 P.2d 733 (1986) involved the distribution of UIM benefits to three injured insureds. The policy provided coverage limits of $25,000 per person and $50,000 per accident. *Ostenson*, 105 Wn.2d at 245.

*Standard Accident Ins. Co. v. Winget*, 197 F.2d 97 (9th Cir. 1952) involved the distribution of UIM benefits to two injured insureds. The policy provided coverage limits of $10,000 per person and $20,000 per accident. *Winget*, 197 F.2d at 103-04.

surance policies are unambiguous if they are subject to only one *reasonable* interpretation.[7] An interpretation of the Farmers policy which simply ignores the plain meaning of the "subject to" language is not reasonable.

We accept Farmers' hypothetical, presented at oral argument, which noted that the "subject to" language could not be ignored in a similar policy with limits of $50,000 per person and $100,000 per accident. If one injured insured sustained damages of only $5,000, the other could not recover the remainder of the per accident limit ($95,000), but would be limited to the $50,000 per person limit. Livingstons conceded this point at oral argument.[8] Yet there is no valid distinction between the hypothetical and the present case. Regardless of the number of persons injured, the extent of their damages, or the sum of those damages, a reasonable person would understand the "subject to" language to limit the recovery for each person's injuries to the per person limit.

This issue was recently clarified, in dicta, in *Mutual of Enumclaw Ins. Co. v. Grimstad-Hardy*, 71 Wn. App. 226, 857 P.2d 1064 (1993), *review denied*, 123 Wn.2d 1017 (1994), where we rejected a UIM insured's argument that $100,000 per person and $200,000 per accident limits in the policy were ambiguous.[9] The insured also argued that, under *Haney*, a policy with a per person limit and a higher per accident limit is ambiguous unless the per accident limit is "subject to" the per person limit.[10] Again, we disagreed.

> This argument mischaracterizes the holding of *Haney*. . . . Because [in *Haney*] two individuals were injured in an accident covered under the policy, the policy could be construed as limiting coverage to $100,000 under the "per person" limit, or granting a total of $300,000 under the "per accident" limit,

---

[7]*Vadheim*, 107 Wn.2d at 841.

[8]A contrary result is clearly precluded by *Baehmer, Winget* and *Ostenson*.

[9]*Grimstad-Hardy*, 71 Wn. App. at 242.

[10]*Grimstad-Hardy*, 71 Wn. App. at 242.

a total of $150,000 for each person. *The "subject to" language would have clarified the discrepancy.*

(Emphasis added.) *Grimstad-Hardy*, 71 Wn. App. at 242.

■ We hold that UIM liability limits for "each person" and "each accident" are not ambiguous unless (1) there is an "inherent contradiction" between the "each person" limit and the limit for multiple persons in "each accident," *and* (2) that contradiction is not resolved by language which expressly makes the "each accident" limit "subject to" the "each person" limit. Here, the "each accident" limit in the Farmers policies is greater than the sum of two "each person" limits, but that discrepancy is eliminated by the language which provides that the "each accident" limit is "subject to" the "each person" limit. The Farmers policies unambiguously limit Livingstons' recovery for bodily injury to Karl and Glenna to $100,000 for each of them, or a total of $200,000.

Livingstons' request for attorney fees is denied.

Reversed.

WEBSTER and BECKER, JJ., concur.

Review denied at 128 Wn.2d 1020 (1996).