AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Plaintiff/Respondent,

v.

Dryden GARDNER, et al.,
Defendants/Appellants.

No. 71861.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 7, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 24, 1997.

Application for Transfer Denied
Jan. 27, 1998.

Briegel Baylard, David L. Baylard, Union,
for defendants/appellants.

Robert J. Wulff, St. Louis, for plaintiff/respondent.

AHRENS, Presiding Judge.

In this declaratory judgment action defendants appeal from a judgment of the Circuit Court of St. Louis County which determined that plaintiff American Family Mutual Insurance Company's liability was limited to the $100,000 per person liability limitation provision in its insurance policy. Defendants claim the insurance policy was ambiguous, and the $300,000 per occurrence liability limitation provision applied. We affirm.

Defendants, Dryden Gardner and Mark Gardner were injured in an automobile accident with Richard Evenson on November 26, 1993. Both defendants suffered substantial injuries in the accident and have filed negligence claims against Mr. Evenson. Lola Gardner and Linda Gardner, the wives of Dryden Gardner and Mark Gardner respectively, filed loss of consortium claims against Mr. Evenson. At the time of the accident, Mr. Evenson's auto insurance carrier was plaintiff American Family Insurance. The insurance contract between American Family and Mr. Evenson contained a standard provision which limited American Family's liability to $100,000 per person and $300,000 per occurrence.

American Family filed a declaratory judgment action naming all four Gardners as defendants. In this declaratory judgment action, American Family petitioned the trial court to declare that under its insurance contract with Mr. Evenson, its liability was limited to $100,000 of bodily injury per person. The Gardners responded by alleging that since more than one person was injured in the accident, only the $300,000 per occurrence provision in the insurance contract limited American Family's liability.

The parties submitted stipulated facts to the trial court. These facts included a stipulation that Dryden Gardner's negligence claim and Lola Gardner's derivative loss of consortium exceed the $100,000 per person limit in the insurance contract. Thereafter, both parties filed motions for summary judgment. The trial court issued its judgment on December 16, 1996 granting American Family's motion for summary judgment and denying the Gardners' motion for summary judgment. This appeal followed.

█ In their only point on appeal, the Gardners argue that American Family was not entitled to summary judgment since Mr. Evenson's insurance policy was ambiguous with respect to the limitation of American Family's liability. The propriety of summary judgment is a question of law and therefore our review is de novo. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). A party is entitled to summary judgment only if it can show that there is no genuine dispute as to any material fact so that it is entitled to judgment as a matter of law. *Id.* at 381; Rule 74.04.

█ Mr. Evenson's insurance policy states in relevant part:

LIMITS OF LIABILITY

The limit of liability shown in the declarations apply, subject to the following:

1. The bodily injury limit for "each person" is the maximum for all damages sustained by all persons as the result of bodily injury to one person in any occurrence.

2. **Subject to the bodily injury liability limit for "each person"**, the bodily injury liability limit for "each occurrence" is the maximum for bodily injury sustained by two or more persons in any one occurrence. (Emphasis added).

The property damage liability for "each occurrence" is the maximum for all damages to all property in any one occurrence.

Also, the declaration page provided liability limits of $100,000 per person and $300,000 per occurrence.

Our holding in *Ward v. American Family Ins. Co.*, 783 S.W.2d 921 (Mo.App.1989) controls our decision in the instant case. The insurance policies in dispute in *Ward* contained a virtually identical liability limitation provision as the one in dispute in the present case. *See Id.* at 922. Ward, the injured party, claimed that paragraph two of the liability limitation provision rendered the provision ambiguous since it stated that the "limit for each accident is the maximum for bodily injury sustained by two or more persons in any one accident". *Id.* Thus, Ward argued, it was unclear whether the per accident or the per person limitation applied when two or more persons were injured in an accident. *Id.* We rejected that argument and held that the "subject to the limit for each person" language in paragraph two made it clear that a person's recovery under the per accident provision was subject to the limitation in the per person provision regardless of the number of persons injured. *Id.* at 923–24.

The Gardners first attempt to distinguish *Ward* on the basis that it involved insurance policies with a $100,000 per person and $200,000 per accident liability limitations. The Gardners contend that the $100,000 per person and $300,000 per occurrence liability limitation provision in the instant case creates a mathematical contradiction between the per person and per occurrence limitation while the $100,000 per person and $200,000 per accident limitations in *Ward* did not present such a contradiction. However, the *Ward* Court explicitly based its holding on the fact that the "subject to" language made it clear that a person's recovery under the per accident provision was subject to the limitations in the per person provision. *Id.*

The Gardners also attempt to distinguish *Ward* on the premise that Karen Ward's personal injury claim and her husband's derivative loss of consortium claim were combined under the per person liability limitation provision. However, in the instant case, Dryden Gardner's personal injury claim and Lola Gardner's derivative loss of consortium claim will also be combined under the per person liability limitation provision. *See Id.*

at 923. Thus, the different liability limitation configuration and Lola Gardner's loss of consortium claim in the instant case does not distinguish it from *Ward.*

The Gardners have also cited us to opinions from Washington and New Hampshire which they assert support their argument that paragraph two of the liability limitation section does create an ambiguity as to whether the per person or per occurrence limitation applies when two or more persons or injured. In *Andrews v. Nationwide Mutual Ins. Co.,* 124 N.H. 148, 467 A.2d 254 (1983) the New Hampshire Supreme Court held that a policy was ambiguous as to whether the per person or per occurrence language applied when two or more persons were injured when it did not contain the "subject to the per person" language. *Id.* 467 A.2d at 258. However, the Court stated in dicta that if the "subject to the per person" language had been present, there would have been no ambiguity and the per person limitation would have applied. *Id.*

The Gardners also cite us to *Baehmer v. Viking Ins. Co.,* 65 Wash.App. 301, 827 P.2d 1113 (1992) to support their argument in the present case. In *Baehmer,* the court stated in dicta that an insurance policy is ambiguous if there is a mathematical contradiction between the per person and per occurrence limitation even if the "subject to" language is present. *Id.* 827 P.2d at 1115. We note that a subsequent Washington case has expressly refused to follow the *Baehmer* Court's dicta. *See Livingston v. Farmers Ins. Co.,* 79 Wash. App. 72, 900 P.2d 575, 578 (1995). Also, this dicta is contrary to both logic and our holding in *Ward* since the "subject to" provision clarifies that a person's recovery under the per occurrence provision is subject to the per person limitation. The *Baehmer* court's dicta is not persuasive.

■ When an insurance policy contains a clause that provides the "each occurrence" liability limitation is "subject to the bodily injury liability limit for 'each person'", a person's recovery under the policy is limited to the "each person" limitation. *Ward,* 783 S.W.2d at 923–24. Thus, there is no material dispute in the present case that Mr. Evenson's insurance policy with American Family

limits American Family's liability to $100,000 per person for bodily injury. American Family was therefore entitled to summary judgment. Defendants' point is denied.

The judgment of the trial court is affirmed.

CRANDALL and KAROHL, JJ., concur.