FARM BUREAU MUTUAL INSURANCE COMPANY v BUCKALLEW

Docket No. 216773. Submitted March 6, 2001, at Grand Rapids. Decided
July 6, 2001, at 9:00 A.M.

Farm Bureau Mutual Insurance Company brought an action in the
Kalamazoo Circuit Court against Michele D. Buckallew, the per-
sonal representative of the estates of Thomas A. Brouwer and
Charlotte A. Brouwer, deceased, seeking rescission or reformation
of an agreement to settle for $300,000 a wrongful death action
brought by Buckallew against both the owner and the operator of
an automobile that struck and killed the Brouwers and that was
insured by Farm Bureau under a policy that provided liability limits
for bodily injury of $100,000 per person and $300,000 per occur-
rence, with the "per occurrence" limit being subject to the "per per-
son" limit and being the limit for bodily injury sustained by two or
more persons in any one occurrence. The parties agreed on a
$200,000 payment by Farm Bureau to Buckallew, leaving $100,000
in dispute. Buckallew counterclaimed for specific performance of
the settlement agreement. Farm Bureau moved for partial summary
disposition, arguing that no genuine issues of material fact existed
and it was entitled to judgment as a matter of law in view of its
payment of the policy limit on the claim. The court, Richard Ryan
Lamb, J., ruling that the $300,000 per occurrence limit applies
where two or more persons are injured in a single accident, denied
Farm Bureau's motion for summary disposition and entered a judg-
ment awarding Buckallew $100,000 and mediation sanctions
against Farm Bureau. Farm Bureau appealed.

The Court of Appeals *held*:

Any ambiguity between the per person limit and the per occur-
rence limit was clarified by the phrase making the each occurrence
limit subject to the per person limit. A liability policy that contains
language making the per occurrence limit subject to the per person
limit unambiguously limits recovery to the per person amount,
regardless of the number of persons injured in the occurrence.

Denial of summary disposition for Farm Bureau reversed, judg-
ment in favor or Buckallew vacated, grant of mediation sanctions
to Buckallew reversed, and case remanded for further proceedings.

INSURANCE — AUTOMOBILE — LIABILITY — BODILY INJURY — PER PERSON LIMIT — PER OCCURRENCE LIMIT.

An automobile liability insurance policy that provides "per person" and "per occurrence" limits of liability for bodily injury unambiguously limits recovery by each person injured in one accident to the per person amount where the policy states that the per occurrence limit is subject to the per person limit.

*Willingham & Coté, P.C.* (by *John A. Yeager* and *Curtis R. Hadley*), for the plaintiff.

*Mequio & Peterson, P.L.C.* (by *Gary R. Peterson*), for the defendant.

Before: SAAD, P.J., and FITZGERALD and O'CONNELL, JJ.

SAAD, P.J.

I. NATURE OF THE CASE

This case presents an issue of first impression for this Court regarding the interpretation of a provision in an automobile insurance policy that declares a $100,000 "per person" liability limit for bodily injury damages and a $300,000 "per occurrence" liability limit for bodily injury damages. Here, two pedestrians were killed by a single car and Michele D. Buckallew, the personal representative of the decedents' estates, filed wrongful death claims. The driver and Buckallew settled for $300,000, but the insurance company that issued the automobile policy sought to rescind the settlement on the basis of mutual mistake because it contends the policy limits its liability under these facts to $100,000 "per person." The trial court disagreed and ruled that the policy language unambiguously states that the $300,000 "per occurrence" policy limit applies to all accidents in which two or more people suffer injuries. We disagree with the trial court and hold that, because the policy explicitly pro-

vides that the per occurrence limit is "subject to" the per person limit, the policy is unambiguous. Accordingly, where, as here, two people suffer injuries in a single accident, the limit of the insurer's liability is $100,000 per person. Because the trial court erred in failing to enforce the clear and unambiguous language of the policy, we reverse its judgment and order denying partial summary disposition to defendant.

## II. FACTS AND PROCEEDINGS

On January 20, 1996, pedestrians Thomas and Charlotte Brouwer died after they were hit by a car driven by Jamie Majewski. Jamie's mother, Kelly Ann Majewski, owned the car involved in the incident and Farm Bureau Mutual Insurance Company insured the car under a policy held by Jamie's father, Gary Majewski.

In March 1996, Buckallew filed suit against Jamie and Kelly Majewski under the Michigan wrongful death act.[1] Following negotiations, the parties settled the claims for $300,000, and the trial court approved the settlement on July 3, 1996. However, when Farm Bureau was directed to issue a check to Buckallew for $300,000, Farm Bureau responded that the policy limits of liability for the two deaths was only $200,000, or $100,000 "per person." Accordingly, Farm Bureau agreed to pay only the $200,000, despite Buckallew's demand for the original settlement amount of $300,000.

On August 9, 1996, Farm Bureau filed a claim for rescission or reformation of the settlement agreement.[2] On November 15, 1996, the probate court

---

[1] MCL 600.2922.

[2] We do not address the ultimate question whether Farm Bureau may rescind or reform the settlement agreement on the basis of misinterpreta-

approved a revised settlement of $200,000 and Farm Bureau paid Buckallew, though both parties reserved their claim to the remaining $100,000. In January 1997, Buckallew filed a counterclaim against Farm Bureau and requested specific performance on the original settlement agreement. Thereafter, Farm Bureau filed a motion for partial summary disposition under MCR 2.116(C)(10) and asked the trial court to rule as a matter of law that the policy limit is $100,000 per person. However, on July 21, 1997, the trial court ruled that the policy unambiguously provides that Buckallew is entitled to the "per occurrence" limit of $300,000. The trial court entered an order denying Farm Bureau's motion for partial summary disposition on August 22, 1997.[3] On December 18, 1998, the trial court entered a judgment awarding Buckallew the remaining $100,000, plus costs and interest.[4] Farm Bureau appeals as of right, and we reverse.

---

tion of the insurance policy. The issues on appeal are limited to the trial court's rulings regarding the interpretation of the policy and the applicable policy limit.

[3] On December 15, 1997, Buckallew filed a motion for summary disposition under MCR 2.116(C)(10) on her counterclaims. The trial court denied the motion on February 27, 1998. The parties again filed motions regarding costs and interest, both of which the trial court ultimately awarded to the decedents' estates.

[4] On January 7, 1999, Farm Bureau filed a claim of appeal with this Court. Buckallew filed a motion for mediation sanctions on January 15, 1999, but the trial court ruled that it lacked jurisdiction to hear the motion because Farm Bureau filed a claim of appeal. Buckallew then filed a motion with this Court to remand the case to the trial court to settle the issue of mediation sanctions. This Court granted the motion on June 15, 1999, and, thereafter, the trial court granted Buckallew's motion and awarded $8,115 in mediation sanctions.

III. ANALYSIS

A. ARGUMENTS AND STANDARD OF REVIEW

Farm Bureau contends that the trial court erred in denying its motion for partial summary disposition and entering judgment in favor of Buckallew because the insurance policy states that the per occurrence limits are "subject to" the per person limits and, therefore, unambiguously limits its liability to $100,000 for each decedent.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201(1998).[5]

"[T]he construction and interpretation of an insurance contract is a question of law for [the] court . . . ." *Henderson v State Farm Fire & Casualty Co*, 460 Mich 348, 353; 596 NW2d 190 (1999). This Court interprets an insurance contract by reading it as a whole and by according its terms their plain and ordinary meaning. *State Farm Mut Automobile Ins Co v Desheemaeker*, 178 Mich App 729, 731; 444 NW2d 153 (1989). The terms of the policy "must be enforced as written where there is no ambiguity." *Henderson, supra.*

---

[5] As our Supreme Court articulated in *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996):

In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4).

Because the existence of an ambiguity in an insurance policy is a question of law, we review the issue de novo on appeal. *Farm Bureau Mut Ins Co of Michigan v Nikkel*, 460 Mich 558, 563; 596 NW2d 915 (1999). A term is ambiguous when its provisions are capable of conflicting interpretations. *Id.* at 566. If a policy contains ambiguous terms, our Court will construe the policy in favor of the insured and against the insurer. *Nabozny v Burkhardt*, 461 Mich 471, 476, n 8; 606 NW2d 639 (2000). However, this Court "will not create ambiguity where the terms of the contract are clear." *Frankenmuth Mut Ins Co v Masters*, 460 Mich 105, 111; 595 NW2d 832 (1999). Here, the policy states the limits for bodily injury liability coverage as follows:

> BODILY INJURY LIABILITY
> $100,000 per person
> $300,000 per occurrence.

Further, the "Limits of Liability" section under "Part I - Liability," provides:

> The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as a result of any one occurrence; the limit of such liability stated in the declarations as applicable to "each occurrence" is, *subject to the above provision respecting each person,* the total limit of the company's liability for all such damages arising out of the bodily injury sustained by two or more persons as a result of any one occurrence. [Emphasis added.]

Farm Bureau argues that the policy language unambiguously states that the $300,000 "per occurrence" limit is *subject to* the $100,000 "per person" limit.

Accordingly, Farm Bureau maintains that the decedents' estates may only collect a total of $200,000. Though the trial court found no ambiguity in the policy, Buckallew says that the limits of liability paragraph can be reasonably interpreted in two ways: (1) that the $100,000 per person limit applies when two or more people sustain injuries in one accident or (2) that the $100,000 limit applies only when one person sustains injuries and that the $300,000 per occurrence limit applies when two or more people sustain injury damages. Buckallew maintains that the policy should, therefore, be construed in favor of the decedents' estates.

Though the trial court observed that the policy "language seems to put this right into a—a very gray zone" and that it might be read "both ways," the court ultimately ruled that the policy language is unambiguous and that the $300,000 per occurrence provision applies to claims in which two or more persons are injured in a single accident. However, Farm Bureau argues that this reading fails to give effect to the phrase stating that the per occurrence limit is "*subject to* the above provision respecting each person." The record shows that the trial court acknowledged the "subject to" language, but dismissed its significance by finding that, notwithstanding that phrase, the "per person" limit applies only to accidents in which one person sustains personal injury damages.

### B. CASES ADDRESSING DOUBLE LIMIT COVERAGE PROVISIONS

As noted above, the courts of our state have not addressed the interpretation of this or similar policy language in a published decision. However, persuasive authority from other jurisdictions holds, and we agree, that if an insurance policy contains language

making the per occurrence limit "subject to" the per person limit, the policy unambiguously limits recovery to the per person amount, regardless of the number of people injured in the accident.[6]

In *Livingston v Farmers Ins Co of Washington*, 79 Wash App 72; 900 P2d 575 (1995), Glenna Livingston died and Karl Livingston sustained serious injuries during an accident with an uninsured motorist. Glenna's estate and Karl filed uninsured motorist (UIM) claims under their automobile policies issued by Farmers Insurance. *Id.* at 73. The policy limited its UIM coverage "to $100,000 for each person and, subject to the limit for each person, to $300,000 for each accident." *Id.* at 73 (internal quotations omitted). On a motion for summary disposition, the lower court ruled that the "per person" and "each accident" provision is ambiguous and must be construed in favor of the Livingstons. *Id.* at 74.

The Court of Appeals of Washington reversed because, it reasoned, any ambiguity between the "per person" and "each accident" limits was clarified by the phrase making the each accident limit "subject to" the per person limit. *Id.* at 79. The Court explained:

> To hold that the "subject to" language does not eliminate the ambiguity would be to rule that insurance policies may not contain provisions which are in any way conflicting, even if the policy clearly specifies which of two conflicting provisions takes precedence over the other. Provisions in insurance policies are unambiguous if they are subject to only one *reasonable* interpretation. An interpretation of the Farmers policy which simply ignores the plain meaning of

---

[6] Although we are not bound by decisions from other state courts, our courts often consider decisions from other states in cases of first impression. *Continental Cablevision of Michigan, Inc v Roseville*, 430 Mich 727, 741, n 16; 425 NW2d 53 (1988).

the "subject to" language is not reasonable. [*Id.* at 77-78 (emphasis in original).]

## Accordingly, the Court concluded:

We hold that UIM liability limits for "each person" and "each accident" are not ambiguous unless (1) there is an "inherent contradiction" between the "each person" limit and the limit for multiple persons in "each accident," and (2) that contradiction is not resolved by language which expressly makes the "each accident" limit "subject to" the "each person" limit. Here, the "each accident" limit in the Farmers policies is greater than the sum of two "each person" limits, but that discrepancy is eliminated by the language which provides that the "each accident" limit is "subject to" the "each person" limit. The Farmers policies unambiguously limit Livingstons' recovery for bodily injury to Karl and Glenna to $100,000 for each of them, or a total of $200,000. [*Id.* at 79.]

Other state courts have ruled that, in a double limit coverage policy like the one here, the "subject to" language is generally *necessary* to clarify differing per person and per accident limits. As the Supreme Court of New Hampshire explained in *Brouillard v Prudential Property & Casualty Ins Co*, 141 NH 710, 717; 693 A2d 63 (1997):

"Per person"/"per accident" provisions, or, double limit coverage provisions, are standard for the insurance industry. Generally, the lower "per person" limit is intended to modify the higher "per accident" limit. The fact that an insurance policy contains both a "per person" and "per accident" provision is not, by itself, sufficient to interpret the "per person" provision as limiting the "per accident" provision, however. In *Andrews*[7] we held that, among other factors, *the absence of "any language which makes the 'per occurrence' limit subject to* the 'per person' limit" rendered

---

[7] *Andrews v Nationwide Mut Ins Co*, 124 NH 148; 467 A2d 254 (1983).

the uninsured motorist provisions in that case ambiguous, demanding an interpretation to the benefit of the insured. [*Id.* at 717 (citations omitted) (emphasis added).]

Similarly, in *Mostow v State Farm Ins Co*, 88 NY2d 321; 668 NE2d 392; 645 NYS2d 421 (1996), two people were injured in a car accident and the Court of Appeals of New York found an insurance contract ambiguous where the policy provided:

Under 'Each Person' is the amount of coverage for all damages due to bodily injury to one person. Under 'Each Accident' is the total amount of coverage for all damages due to bodily injury to two or more persons in the same accident. [*Id.* at 324.]

The plaintiffs in *Mostow* raised arguments similar to Buckallew's here. In *Mostow*, however, the Court concluded that

[b]ecause the policy may be reasonably construed as both limiting recovery to $100,000 per person or alternatively as permitting the full $300,000 policy limits to be apportioned among persons without reference to the per person limit where two or more persons are injured . . . the policy is ambiguous and . . . its provisions should be construed in favor of the insured. [*Id.* at 323-324.]

The Court explicitly stated that any ambiguity could have been corrected by adding language making the per accident limit "subject to" the per person limit:

Although the common understanding of the insurance industry and the legal profession may well be that the total per accident coverage is subject to the per-person limits—i.e.—classic "split limit" coverage—the test to determine whether an insurance contract is ambiguous focuses on the reasonable expectations of the average insured upon reading the policy.

\*          \*          \*

> Indeed, this dilemma could have been avoided had the
> insurer simply drafted the policy to include the "subject to"
> language . . . . [*Id.* at 326-327 (citations omitted).]

As in *Livingston, supra,* it appears that the majority rule is clear: in double limit liability policies, language explicitly stating that the per occurrence limit is subject to the per person limit clarifies any conflict between differing limits. The Missouri Court of Appeals, Eastern District, reached this result in *American Family Mut Ins Co v Gardner,* 957 SW2d 367 (Mo App, 1997). In *Gardner,* Dryden and Mark Gardner were injured when their vehicle collided with a vehicle driven by Richard Evenson. *Id.* The Gardners sued Evenson for negligence and the wives of the Gardners also filed loss of consortium claims. *Id.* Evenson's insurance policy was issued by American Family and contained language similar to that in this case, providing for a liability limit of $100,000 per person and $300,000 per occurrence. *Id.* The policy also specifically stated that the each occurrence limit was "subject to" the per person limit. *Id.* at 368. The insurance company filed a declaratory judgment action and argued that its liability was limited to $100,000 per person, while the Gardners maintained that the policy language was ambiguous and that, because more than one person was injured in the accident, the $300,000 per occurrence provision applied. *Id.* at 367-368.

Relying in part on its holding in *Ward v American Family Ins Co,* 783 SW2d 921 (Mo App, 1989), the court ruled that there is no ambiguity in the policy because the "subject to the bodily injury liability limit" clarifies any potential conflict between the per person and per occurrence limits. *Gardner, supra* at 368-369. The Court concluded:

When an insurance policy contains a clause that provides the "each occurrence" liability limitation is "subject to the bodily injury liability limit for 'each person,' " a person's recovery under the policy is limited to the "each person" limitation. [*Id.* at 369.]

## C. FARM BUREAU'S POLICY

Having surveyed the leading cases from other jurisdictions, it appears that the overwhelming majority of our sister states agrees with our holding: A contradiction between per person and per occurrence liability limits is resolved by explicit policy language making the per occurrence limit "subject to" the per person limit.[8] Thus, while the disputed policy in this case contains different liability limits, the policy clearly and unambiguously states that the per occurrence limit is subject to the per person limit. Because the policy language is unambiguous, the policy "must be enforced as written." *Henderson, supra.*

Contrary to Buckallew's argument, the policy language cannot be reasonably read two ways. First, to interpret the policy to state that recovery is limited to $100,000 per person if only one person is injured, but $300,000 if two or more persons are injured, would be unreasonable. That interpretation would not only ignore explicit policy language, but would provide greater recovery to each person (here, $150,000 each) merely because more people were injured in the acci-

---

[8] We also find that, because the policy unambiguously makes the per occurrence limit subject to the per person limit, our conclusion cannot be " 'contrary to the reasonable expectations of the insured reading the insurance contract.' " *Nikkel, supra,* at 564, quoting *Powers v Detroit Automobile Inter-Ins Exchange,* 427 Mich 602, 611; 398 NW2d 411 (1986), abrogated by *Nikkel, supra.* Given the clear language of the policy, an insured could not reasonably expect per occurrence coverage in this case.

dent. This result cannot be logically reconciled with the language of the policy.

Moreover, the interpretation suggested by Buckallew is also untenable because it ignores the explicit language of the policy making the per occurrence limit "subject to" the per person limit. We agree with the Court of Appeals of Washington in *Livingston* that a reading that simply ignores such a clear statement would be inherently *unreasonable* and contrary to the plain meaning of that provision.

We are not persuaded by plaintiff's contention that Farm Bureau's interpretation also ignores certain language in the contract. Buckallew argues that the word "two" in the phrase "two or more persons" in the per occurrence provision would have to be ignored in Farm Bureau's reading because, if the per occurrence limit is subject to the per person limit, there would never be a situation in which two injured persons could recover the per occurrence limit of $300,000. Rather, the most two injured persons could recover would be $100,000 per person. Buckallew argues that this would render meaningless the word "two" in the phrase "two or more persons."

While Buckallew's argument has some surface appeal, the Court of Appeals of Washington properly rejected the same argument in *Livingston, supra,* by concluding that any potential conflict is resolved by giving effect to the explicit statement that the limit of liability for each occurrence is subject to the per person provision.[9] The phrase "two or more persons"

---

[9] Buckallew's argument might be more persuasive if the disputed policy contained language similar to that in *Haney v State Farm Ins Co*, 52 Wash App 395; 760 P2d 950 (1988). In *Haney,* the policy simply contained conflicting policy limits and did not contain any language giving one limit priority for accidents in which two or more people sustained injuries. Accordingly, the Court of Appeals of Washington ruled that one could

simply refers to multiple persons with personal injury damages and is explicitly clarified by the "subject to" language making the maximum recovery $100,000 for each person injured in a single accident.[10]

For the above reasons, we find that the policy language unambiguously limits recovery to $100,000 for each decedent and that, therefore, the trial court erred in failing to grant partial summary disposition to Farm Bureau with regard to this issue.[11] Accordingly, we reverse the trial court's denial of Farm Bureau's motion, vacate the trial court's entry of a judgment in favor of Buckallew, reverse the trial court's grant of mediation sanctions to Buckallew, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

infer from the policy that two people injured in one accident could recover up to $300,000. However, this argument fails in this case, as it did in *Livingston*, because the language in this policy unequivocally makes the per occurrence limit "subject to" the per person limit.

[10] We are also persuaded that the phrase "two or more persons" was merely the insurer's attempt to limit its maximum liability to $300,000 as the total of all claims arising out of one collision, regardless of how many people are injured.

[11] As stated in n 2, *supra*, because the issue before this Court concerns the trial court's denial of defendant's motion for partial summary disposition based on its interpretation of the policy, we do not address the issue whether and on what specific grounds Farm Bureau may reform or rescind a settlement contract to which it previously agreed.